UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re | ) |
| | ) NO. 09-05025 |
| SCHULTZ, Craig R. | ) ADV. NO. |
| Debtor(s). | ) |
| VanNoy Culpepper, Trustee | ) COMPLAINT TO DENY DEBTOR'S |
| Plaintiff, | ) DISCHARGE; TO AVOID |
| vs. | ) PREFERENTIAL TRANSFER; TO |
| | ) AVOID FRAUDULENT TRANSFER; |
| Craig R. Schultz, aka R. Craig Schultz; | ) FOR TURNOVER OF PROPERTY; |
| Robert and Barbara Schultz, and their | ) FOR TEMPORARY AND |
| marital community; Roderick Schultz | ) PERMANENT INJUNCTIONS; AND |
| and Jane Doe Schultz, and their marital | ) FOR OTHER RELIEF |
| community; Tyler Schultz and Jane Doe | ) |
| Schultz, and their marital community; Steve | ) |
| Snyder and Jane Doe Snyder, and | ) |
| their marital community; Westwood West | ) |
| Golf Course, Inc., and its subsidiaries | ) |
| including Schultz Investment Company, | ) |
| Inc; and Properties West, Inc., and | ) |
| McAllister Field Industrial Park, LLC. | ) |
| | ) |
| Defendants. | ) |

COMES NOW VanNoy Culpepper, the Trustee, and hereby alleges and states as follows:

    A.  That VanNoy Culpepper is the duly and qualified Trustee in this case.

    B.  That this court has jurisdiction over this adversary proceeding pursuant to 28 USC 1334 and 28 USC 157.

    C.  The debtor in the main case is Craig R. Schultz, aka R. Craig Schultz who filed for Chapter 7 relief on September 4, 2009.

    D.  That Robert Schultz and Barbara Schultz are the parents of the debtor;

    E.  That Roderick Schultz and Tyler Schultz are the brothers of the debtor;

    F.  That Steven Snyder is a partner of the debtor and is an "insider" as defined by 11 USC 101(31).

    G.  Exhibit **A** to this complaint are true and correct copies of the debtor's Statement of Financial Affairs, and Schedules A, B, C, D & I filed in the main case, and are filed as document #2 in this adversary proceeding, and are hereby incorporated herein.

*Complaint*-1

H. That the actions or omissions of the married defendants, Robert and Barbara Schultz, Roderick and Jane Doe Schultz, Tyler and Jane Doe Schultz, Steve and Jane Doe Snyder, were all done while the parties were married and were for the benefit of the marital community.

## CAUSE OF ACTION NO. I
## COMPLAINT TO DENY DEBTOR'S DISCHARGE

Section 727(a)(4). The debtor knowingly and fraudulently in connection with this case made false oaths as follows:

**1.0 The Statement of Financial Affairs Paragraph 1**: Income from employment or operation of business: The debtor stated that he had "none" gross income from employment or operation of the debtor's businesses for the two years immediately preceding the year of filing, and for the year of filing. This statement is false as follows:

**1.1** In 2007, the debtor had $87,059.00 in wages, consisting of $63,162.00 from Schultz Construction, LLC and $23,897.00 from Riverview Manor, as reflected in the debtor's 2007 tax return attached hereto as Exhibit **B**.

**1.2** In 2007, the debtor had $1,956,440.00 gross income from Schultz Construction, LLC as reflected in debtor's 2007 Schedule C at Exhibit **C** attached hereto.

**1.3** In 2008, the debtor had $52,607.00 in employment income, consisting of $28,710.00 from Schultz Construction Company and $23,897.00 from Riverview Manor as reflected on the W-2's as Exhibit **D** and the first 2 pages of the 2008 tax return at Exhibit **E**.

**1.4** In 2008, the debtor had gross business income from Schultz Construction, LLC of $2,917,757.00 as reflected in Exhibit **F**.

**1.5** In 2009, the debtor had W-2 employee income of $23,897.00 from Riverview Manor as reflected on the W-2 at Exhibit **G.**

**1.6** In 2009, the debtor had $65,589.00 gross income from the operation of his trade or business as indicated at Exhibit **H**.

**2.0 The Statement of Financial Affairs Paragraph 2**: Income other than from employment or operation of business for two years preceding filing and for year of filing: The debtor's statement that he had "none" of such income was knowingly

*Complaint*-2

and intentionally false as follows:

    **2.1**    In 2007, the debtor had $286,908.00 in taxable interest reflected at Exhibit B;

    **2.2**    In 2007, the debtor had $91,000.00 in ordinary dividends as reflected at Exhibit B;

    **2.3**    In 2007, the debtor had $351,617.00 in capital gains as reflected at Exhibit B;

    **2.4**    In 2007, the debtor had $49,941.00 in other income as reflected at Exhibit B;

    **2.5**    In 2008, the debtor had $277,712.00 in taxable interest as reflected in Exhibit E;

    **2.6**    In 2008, the debtor had ordinary dividends of $105,000.00 as reflected in Exhibit E;

    **2.7**    In 2008, the debtor had $118,646.00 in capital gains as reflected in Exhibit E;

    **2.8**    In 2008, the debtor had $25,250.00 in other income as reflected in Exhibit E;

    **2.9**    In 2009, the debtor had the following income:

    **a.** From Westwood West Golf Course, Inc. debtor had ordinary income of $94,143.00, interest income of $19,624.00, and cash distributions of $111,200.00 as reflected in Exhibit **I.**

    **b.** From McAllister Field Industrial Park, LLC debtor had ordinary income of $18,050.00, interest income of $2,867.00, net rental income of $3,613.00, and cash distributions of $67,000.00 as reflected in Exhibit **J.**

    **c.** From Schultz-Denlea Holdings, LLC. debtor received rental income of $43,187.00 and cash distributions of $70,000.00 as reflected in Exhibit **K**.

    **3.0 The Statement of Financial Affairs Paragraph 3b**: Payments or transfers to any creditors made within 90 days preceding the filing of the bankruptcy of more than $5,475.00: The debtor's statement that there are "none" of these transfers is knowingly and fraudulently false as follows:

3.1    C. Schultz Personal Investments, R. Craig Schultz personal CRB
       account number 0611:

After liquidating his personal currency and investment accounts, the debtor paid each of the following creditors amounts in excess of $5,475.00:

    a. On 6/15/09, Check #7239: $18,000.00 to the Internal Revenue Service
    b. On 9/3/09, Check #7295: $22,000.00 to the Internal Revenue Service
    c. On 7/1/09, Check #7249: $10,000.00 to Ahtanum, LLC
    d. On 7/1/09, Check #7250: $15,000.00 to Tim Carlson
    e. On 7/21/09, Check #7293: $19,000.00 to Tim Carlson
    f. On 6/19/09, Check #7242: $12,000.00 to Alegria & Company
    g. On 7/2/09, Check #7251: $20,000.00 to Jim Thorp
    h. On 7/1/09, Check #7252: $6,473 to Gordy Global Venture

From Craig Schultz Properties, LLC Account #2343:
    a. On 7/13/09, Check #9347: $2,060.47 to Alegria & Company
    b. On 8/3/09, Check #9401: $8,000.00 to Tim Carlson
    c. On 7/20/09, Check #9348: $3,510.00 to 939 North 101st Street/Jim Thorp

From Columbia River Account #1626:
    a. On 7/20/09, Check #7686: $6,500.00 to 939 North 101st Street/Jim Thorp
    b. In accordance with the 6/30/09 bank statement payments were made of $27,785.74 to various creditors, none of which have been disclosed or accounted for to the Trustee; and payments of $85,682.73 were made to creditors of which only the disbursements commencing with check #7682 on 7/13/09 have been accounted for, leaving approximately $63,000.00 unaccounted for and not disclosed to the Trustee.
    c. All disbursements prior to 7/13/09 are unaccounted for and not reflected on debtor's schedules.

From Personal Account at Yakima National Bank Account #15618:
On 8/21/09 $55,893.30 to Yakima National Bank

Catholic Credit Union:
In July 2009, the motor home loan in an undisclosed amount was paid by debtor.

Complaint-4

<u>Fortune Bank Account #1205</u>:

As reflected at Exhibit **L**, a payment of $121,636.49 was made to Bob Jump from this account in June of an unknown year. If this payment was made after June 4, 2009, it was not disclosed in paragraph 3.b of the Statement of Financial Affairs.

<u>Other Disbursements and Accounts</u>:

That the debtor's omissions of payments made and nondisclosure of accounts and of information was knowingly and intentionally done with the intent to withhold information from the Trustee; additional information is being obtained from bank and financial institution accounts, to the extent that said information reveals additional assets and/or disclosure requirements of the Statement of Affairs, said nondisclosures were knowingly and intentionally done as part of a scheme or course of conduct.

**4.0  The Statement of Financial Affairs Paragraph 3c**: The debtor's statement that no payments were made within one year prior to filing for relief "to or for the benefit of creditors who are or were insiders" was knowingly and intentionally false.

4.1  The defendants, Robert and Barbara Schultz, took out two U.S. Bank lines of credit their names in 2003. The lines of credit were taken out for the benefit of the debtor, R. Craig Schultz. This indebtedness was memorialized by a promissory note created October 30, 2008 in the amount of $320,000.00.

4.2  For the one year immediately preceding the filing, the debtor paid approximately $12,000.00 for the benefit of Robert and Barbara Schultz on this note, which includes payments identified by the Trustee of $8,243.31 from September, 2008 through July, 2009, excluding undisclosed transfers in September, 2008, January, 2009, February, 2009, March, 2009 and August, 2009.

4.3  During the year immediately preceding the filing, the debtor paid a debt to or for the benefit of his partner, Steven Snyder the sum of $22,559.00 by way of payments on the Snyder US Bank Line of Credit or payments directly to Snyder.

**5.0  The Statement of Financial Affairs Paragraph 7**: The debtor's declaration that there were no gifts in excess of $200.00 made by him within the year prior to filing for relief was knowingly and intentionally false. From September 4, 2008 to September 4, 2009, the debtor made gifts of $24,000.00 to his parents, Robert and Barbara Schultz, said payments made in quarterly gifts of $6,000.00 per quarter.

*Complaint-5*

**5.0  The Statement of Financial Affairs Paragraph 9**:  <u>Payments made to attorneys for consultation concerning debt consolidation, relief under the bankruptcy law, or preparation of petition</u>:  The debtor's statement that no payments were made within a year of filing for relief is knowingly and intentionally false.

5.1  For the 5 months period from March 2, 2009 to August 3, 2009, debtor made payments to Carlson, Boyd & Bailey of $62,410.00 as follows:  From C. Schultz Personal Investments CRB Account #0611:

    a.  On 3/2/09, Check #7557: $2,070.00
    b.  On 3/18/09, Check #7570: $3,849.75
    c.  On 3/18/09, Check #7571: $10,000.00
    d.  On 4/21/09, Check #7578: $4,490.25
    e.  On 7/1/09, Check #7250: $15,000.00
    f.  On 7/21/09, Check #7293: $19,000.00
    g.  On 8/3/09, Check #9401: $8,000.00 (from Craig Schultz Properties CRB Account #2343)

5.2  Said payments of $62,410.00 were made during the 5 month period from March 2, 2009 to August 3, 2009.  To the extent that additional payments were made within one year prior to filing for relief, said additional nondisclosure of payment of legal fees is false.

**6.0  The Statement of Financial Affairs Paragraph 10:**  <u>Other Transfers</u>:  The debtor's statement that there were no other transfers of any property either absolutely or as security during the 2 years immediately preceding the commencement of the case was knowingly and intentionally false.

6.1  On October 30, 2008, within one year of filing for relief, the debtor pledged his stock in Westwood West Golf Course, Inc., to his father, Robert Schultz for an alleged debt owed to his father; and

6.2  On October 30, 2008, within one year of filing for relief, the debtor pledged his stock in Schultz Investment Company, Inc. to his father, Robert Schultz, for an alleged debt owed to his father; and

6.3  On October 30, 2008, within one year of filing for relief, the debtor pledged his stock in McAllister Field Industrial Park, LLC to his father, Robert Schultz, for an alleged debt owed to his father.

6.4  After taking a personal loan from his partner, Steven Snyder, the debtor assigned as security and gave a deed of trust recorded March 5, 2008 to his partner,

Steven Snyder to the following real estate:

    a.  Property located at 2232 So 1st Street, Yakima, WA (the lot behind McDonald's);

    b.  702 No 1st Avenue, Yakima, WA (the warehouse property presently listed for sale for $550,000.00);

    c.  217 West Yakima Avenue, Yakima, WA (the Columbia River Bank-American West Bank property);

    d.  The debtor's membership interest in Schultz-Denlea Holdings, LLC, which is a 70% ownership in one-half of the Best Western Ahtanum Inn Hotel, the Outback Restaurant site and parking lot located in Union Gap, Washington; and

    e.  The Debtor's Janora, Inc. Stock, which is a 70% ownership in Riverview Manor located in Selah, Washington.

6.5  That on July 9, 2008, within 14 months of filing for relief, the debtor transferred all of his ownership interest in Kimco Group, LLC, Zillah Daycare, LLC., and N-K Enterprises, LLC to Charles R. Johnson, aka Chuck Johnson.

6.6  That within 2 years of filing for relief, the debtor transferred and liquidated substantial stocks, bonds and currency assets in amounts to be proven at the time of trial.

6.7  That on July 1, 2009 (60 days before filing for relief), the debtor sold his motorhome for an undisclosed amount to unknown parties and deposited $56,200.00 into his personal investment account CRB #0611.

6.8  To the extent that other undisclosed property was sold or transferred or pledged as security within two years of filing, the Trustee reserves the right to add these false oaths to this complaint.

6.9  From February 1, 2009 to July 31, 2009, the debtor transferred $91,000.00 in currency trading to unknown third parties. Said transfer of currency accounts include but are not limited to deposits into the Craig Schultz Personal Investments account #0611 as follows:

    a. 3/13/09    $15,000.00
    b. 4/01/09    $35,000.00
    c. 4/21/09    $10,000.00
    d. 8/16/09    $15,000.00

*Complaint-*7

e. 6/22/09      $ 5,000.00
f. 7/20/09      $14,300.00

6.10  From February 1, 2009 to September 4, 2009, the debtor transferred or sold to unknown third parties stocks and bonds of $321,000.00, the proceeds of which are unaccounted for.

**7.  Schedule A Real Property**:  Debtor's narrative in Schedule A is knowingly and intentionally false in that debtor not only had "reason to believe" that he had an interest in the cabin, but in fact the debtor is a one-third owner in Cabin No. 11 at Russell Creek White Pass.  Attached hereto as Exhibit **M1** is a copy of the Bill of Sale dated December 24, 1990 reflecting that the debtor has an undivided one-third interest with his brothers, Roderick Schultz and Tyler Schultz.

7.1  Attached hereto as Exhibit M2 is a copy of the Application for Special Use Permit on file with the US Department of Agriculture Forest Service reflecting the new owner's name and address as Robert Craig Schultz having an undivided one-third interest.

7.2  Said cabin has an assessed value with Yakima County Treasurer's office of $205,900.00.

**8.  Schedule B Personal Property**:

Paragraph 7 Furs and Jewelry:    The debtor lists furs and jewelry at $700.00, but fails to disclose his Rolex watch.  Said Rolex watch was sold by the debtor post-petition for $3,000.00.

Paragraph 9 Life Insurance Policies:  The debtor's schedules reflect New York Life Insurance Whole Life Policies of $8,612.00, $7,063.00, $43,000.00, $738.00, and $898.00 for total whole life policies of $60,302.00.  The statement in paragraph 9 that each of these policies was "collateral for a loan from Yakima National Bank" is knowingly and intentionally false.  On August 21, 2009, two weeks before filing for relief, the debtor paid off these life insurance loans by paying to Yakima National Bank $55,893.30 from Yakima National Bank Account #15618.

Paragraph 13 Stocks and Interests in Businesses:  The debtor's list of stocks does not include his stock in Rogue Valley Water Company, which the debtor valued at $250,000.00 six months prior to filing.

The debtor's schedules do not reflect ownership in Direct Drill Company, which the debtor valued at $25,000.00 six months prior to filing.

9.  Paragraph 16:  Accounts Receivable:

*Complaint*-8

9.1 The debtor made a false oath in failing to disclose a personal loan made by the debtor in the amount of not less than $10,000.00 owed by Robert Pecord, the debtor's investment advisor for his trading accounts. Said receivable included $5,500.00 loaned to said investment advisor four months prior to filing for relief.

10. Paragraph 21: Contingent and Unliquidated Claims of Every Nature Including Tax Refunds:

The debtor declared zero value and did not disclose potential tax refunds as follows:

10.1 For tax year 2008, the debtor made estimated payments to the Internal Revenue Service of $80,000.00, including an estimated payment of $50,000.00 in April of 2009. These estimated payments resulted in a 2008 refund of $81,851.00 which was not disclosed in debtor's schedules.

10.2 For tax year 2009, the debtor made tax deposits to the Internal Revenue Service of $53,662.00 resulting in a tax refund of $2,614.00 which was not disclosed in paragraph 21.

10.3 As a result of net operating losses, the debtor had a 2006 refund of $67,873.00 which is not disclosed in the schedules.

10.4 Upon discovery that the Trustee had a tax intercept and that the estate was due to receive the tax refunds, the debtor claimed that his activities should be treated as "passive" and that he, individually, was entitled to a $992,000.00 passive loss carry forward. The debtor provided a false oath by not notifying the Trustee of any potential tax refunds or tax benefits. The debtor knew that he would have tax benefits in the form of refunds or carry forwards available to him for tax years 2008 and 2009.

11. **Schedule I Current Income**: The debtor's statement that he had "zero" current monthly income is knowingly and intentionally false.

11.1 At the time of filing, for the two years prior to filing, and throughout 2009 and 2010, the debtor has had W-2 employment income from Riverview Manor of $1,991.42 per month each and every month; and

11.2 Subsequent to filing, the debtor continued to receive substantial sums of rents from real property, dividends from Westwood West Golf Course, Inc., of at least $66,000.00 received in September 2009, October 2009, November 2009, December 2009, January 2010, and February 2010 (per paragraph 8.1, infra); and potential other

*Complaint*-9

entities to be proved at the time of trial.

## CAUSE OF ACTION NO. II
### DENIAL OF DISCHARGE PURSUANT TO 11 USC 727(a)(2)(A)&(D)

2.1 The debtor, with intent to hinder, delay, or defraud creditors or the Trustee has transferred, removed, or concealed property of the debtor within one year **before** filing for relief including liquidation of his currency account of $91,000.00 and liquidation of his stock and bonds accounts of $321,000.00;

2.2 The debtor, with intent to hinder, delay or defraud creditors or the Trustee on October 30, 2008, within one year for filing for relief, pledged to his father Robert Schultz all of his interest in his stock in Westwood West Golf Course, Inc., Schultz Investment Company, Inc., and McAllister Field Industrial Park, LLC.

2.3 That to the extent that other transfers within one year for filing for relief are discovered, said transfers were made with the intent to hinder, delay or defraud creditors and are reserved by the Trustee until discovered; and

2.4 The debtor, with intent to hinder, delay or defraud creditors transferred and concealed property of the estate **after** the date of filing the petition, to include the following:

    A.  $46,000.00 in dividends paid by Westwood West; and

    B.  Substantial sums received by the debtor from September 2009 to date in R. Schultz Craig personal Columbia River Bank (CRB Account #4647), C. Schultz Investment (CRB Account #0611), Craig Schultz Properties (CRB Account #2343), Schultz Construction Company (CRB Account #1623), Craig Schultz personal Yakima National Bank Account #15618, and other accounts to be provided at time of trial, including substantial sums of "cash" received from sources unaccounted for by the debtor.

## CAUSE OF ACTION NO. III
### DENIAL OF DISCHARGE PURSUANT TO 11 USC 727(a)(4)(D)

3.1 The debtor has withheld from the Trustee documents, records and papers related to the debtor's property and financial affairs to include but not be limited to the following:

    A.  Bank accounts, check registers and proof of deposits and receipts for Yakima National Bank personal check account #15618;

    B.1.  Attached hereto as Exhibit **N** is a true and correct copy of correspondence dated Fenruary 18, 2010 from the Trustee to the debtor's attorney.

*Complaint-*10

B.2   Attached hereto as Exhibit **O** is a true and correct copy of the April 27, 2010 response to Exhibit **N** provided to the Trustee by debtor's attorney.

B.3   The false and misleading information provided to the Trustee at Exhibit **O** include answers to the following numerical questions:

Question No. 1.  The statement that Mr. Schultz owed his accountants Alegria & Company significant amount of money and therefore the 2008 and 2009 returns were not available was false.  The debtor had a credit in excess of $6,000.00 with Alegria & Company, and when the Trustee subpoenaed the tax returns, they were immediately provided by Alegria & Company.

Question No. 2.  The statement that there were "none" federal tax deposits made to the Internal Revenue Service for 2009 was false.  The Trustee has discovered 2009 personal tax deposits made to the Internal Revenue Service of $53,662.00.

Question No. 3.  The statement that the debtor had provided "none" personal financial statements since January 1, 2007, was false.  The debtor prepared a financial statement in February of 2009 which was later provided to the Trustee under a signature of 2010; and as indicated in the email at Exhibit **P**, Rob Spitzer, attorney for creditor Covenant Mortgage was provided a financial statement, which has not yet been disclosed or provided to the Trustee by the debtor.

Question No. 8.  The statement that Mr. Schultz had no accounts receivables is false.  The debtor had an account receivable owed to him by his investment advisor David Pecord, of which $5,500.00 was loaned to Mr. Pecord within four months of filing for relief.

Question No. 11  The statement that the debtor received "no" monies since September 4, 2009 from any source is false.  The debtor received substantial sums from Westwood West Golf Course, Inc., numerous and various rental entities, and extraordinary amounts of unaccounted for cash.

Question No. 13  Although the stock sales, pledges, assignments and encumbrances given between January 1, 2007 and September 4, 2009, have not yet been fully discovered by the Trustee, the debtor transferred at least the following:  his interests in the three major family entity stocks to his parents; the transfer of three substantial parcels of real property and all the debtor's interest in Schultz-Denla Holdings, LLC (Best Western-Outback Steakhouse) and Janora, Inc. (Riverview Manor in Selah) to his partner, Steven Snyder; $91,000.00 currency liquidations; $231,000.00 stock and bond liquidations and other amounts to be proven at time of trial.  The statement to the Trustee that there were "none" is false.

*Complaint-*11

**Question No. 16**  The statement that the debtor received no monies from any sources from January 1, 2009 to December 31, 2009 is false.

C.  The debtor has withheld numerous and various check registers, bank statements, periodic financial account statements, and verification of deposits-receipts and disbursements from many of the 20 accounts listed at Exhibit **Q**.

3.2  The debtor has provided jumbled, out of sequence, and non-responsive information and data concerning the debtor's financial affairs.

## CAUSE OF ACTION NO. IV
## PREFERENTIAL TRANSFER TO PARENTS PURSUANT TO 11 USC 547

4.1  Robert and Barbara Schultz are the parents of the debtor, Craig R. Schultz, and are insiders as defined by 11 USC 547.

4.2.  On October 30, 2008, within one year for filing for relief, the debtor executed a stock pledge agreement transferring his stock in Westwood West Golf Course, Inc. to his father, Robert Schultz.

4.3  On October 30, 2008, within one year for filing for relief, the debtor executed a stock pledge agreement transferring his stock in Schultz Investment Company, Inc. to his father, Robert Schultz.

4.4.  On October 30, 2008, within one year for filing for relief, the debtor executed a membership unit pledge agreement transferring his membership units in McAllister Field Industrial Park, LLC, to his father, Robert Schultz.

4.5  Said transfers were made within one year for filing for relief to an insider; were made to a creditor for and on account of an antecedent debt; made when the debtor was insolvent; and the effect of such transfer enables Robert Schultz to obtain more than he would received under Chapter 7 if the transfer had not been made.

4.6  The pledging of the stock in Westwood West Golf Course, Inc., Schultz Investment Company, Inc., and McAllister Field Industrial Park, LLC, were preferential transfers pursuant to 11 USC 547 which are avoidable by the Trustee.

4.7  In addition to being preferences as defined by 11 USC 547, the above referenced transfers were fraudulent conveyances as defined by 11 USC 548 and RCW 19.40 et seq.

*Complaint-*12

## CAUSE OF ACTION NO. V
### GIFTS TO PARENTS AVOIDABLE PURSUANT TO 11 USC 548

5.1  That for the two years immediately preceding the filing for relief (on September 4, 2009), the debtor, Craig R. Schultz gifted to his parents $6,000.00 per quarter, for total gifts of $48,000.00 gifted to Robert and Barbara Schultz.

5.2  That said gifts were fraudulent transfers as defined by 11 USC 548 and RCW 19.40 et seq; are avoidable by the Trustee; and Robert and Barbara Schultz should be ordered to turn over to the Trustee said $48,000, plus interest.

## CAUSE OF ACTION NO. VI
### PAYMENTS MADE FOR THE BENEFIT OF PARENTS ON US BANK LOANS/ PROMISSORY NOTE: AVOIDABLE PURSUANT TO 11 USC 547

6.1  That within one year prior to filing for relief, the debtor made payments to or for the benefit of his parents, Robert and Barbara Schultz by way of payments to the US Bank line of credit in the parents' names.  That said payments were made for or on account of antecedent debt owed to the parents; and enabled the parents to receive more than the parents would receive under a Chapter 7 if the transfers had not been made,  and said transfers were preferences as defined by 11 USC 547.

6.2  Said payments include monthly payments made to US Bank by the debtor from September 4, 2008 through September 3, 2009 in the amount of approximately $12,000.00.

6.3  Said payments of approximately $12,000.00 were also fraudulent transfers as defined by 11 USC 548 and RCW 19.40 et seq.

## CAUSE OF ACTION NO. VII
### FRAUDULENT TRANSFERS OF CORPORATE STOCK AND LLC MEMBERSHIP

7.1  At the time of filing for relief, Westwood West Golf Course, Inc., including its subsidiaries Schultz Investment Company, Inc., and Properties West, Inc., was owned one-third by the debtor, Craig  Schultz, one-third by Roderick Schultz and one-third by Tyler Schultz.

7.2  At the time of filing for relief, McAllister Field Industrial Park, LLC was

*Complaint-13*

owned one-third by the debtor, Craig Schultz, one-third by Roderick Schultz and one-third by Tyler Schultz.

7.3   That on July 7, 2008, within fourteen months of filing for relief, a new Buy Sell Agreement was executed by the three shareholders of Westwood West Golf Course, Inc., Craig Schultz, Roderick Schultz and Tyler Schultz.  That said Buy Sell Agreement changed the previous Buy Sell Agreement which had been established pursuant to the Articles of Incorporation of Westwood West Golf Course, Inc.

7.4   The Articles of Incorporation of Westwood West Golf Course, Inc. provided that the value of the corporate stock should be determined independently by three appraisers, based upon fair market value; and that the corporation would then have the first option to purchase the stock based on its fair market value.  The new Buy Sell Agreement executed by the three brothers on July 7, 2008 established a dollar figure of $2,100,000.00 for the total value of the corporation ($4,375.00 per share).

7.5   The effect of the new Buy Sell Agreement executed in July of 2008 substantially reduced the value of each share, and effectively allowed the majority of the shareholders, Roderick Schultz and Tyler Schultz, to obtain the stock of the minority shareholder, Craig Schultz at a substantial discount.  Reasonably  equivalent value was not given for this transfer.

7.6   The execution of the Buy Sell Agreement of Westwood West Golf Course, Inc. on July 7, 2008 was a fraudulent transfer of Craig R. Schultz 1/3rd shares, to the extent that that fair market value of said shares exceeds $4,375.00 per share.

7.7   That the reduction of the price of the stock from its fair market value to $4,375.00 per share was a fraudulent transfer as defined by 11 USC 548 as follows.  Said transfer was made within two years of filing for relief, and:
        A.   Was made with the actual intent to hinder, delay or defraud creditors of the debtor; OR
        B.   The debtor received less than reasonably equivalent value in exchange for such transfer; and the transfer was made while the debtor was insolvent, or resulted in the debtor's insolvency; or while the debtor was engaged in business or transactions, or was about to engage in business or transactions for which any property remaining with the debtor was an unreasonably small capital; or the debtor intended to incur or believed the debtor would incur debts beyond his ability to pay the debts as they matured.

*Complaint*-14

Schultz Investment Company, Inc., aka Schultz Investments, Inc.,

7.8  That on July 7, 2008, within fourteen months of filing for relief, a new Buy Sell Agreement was executed by the three shareholders of Schultz Investment Company, Inc., aka Schultz Investments, Inc., Craig Schultz, Roderick Schultz and Tyler Schultz.  That said Buy Sell Agreement changed the previous Buy Sell Agreement which had been established pursuant to the Articles of Incorporation of Schultz Investment Company, Inc., aka Schultz Investments, Inc.

7.9  The Articles of Incorporation of Schultz Investment Company, Inc., aka Schultz Investments, Inc.  provided that the value of the corporate stock should be determined independently by three appraisers, based upon fair market value; and that the corporation would then have the first option to purchase the stock based on its fair market value.  The new Buy Sell Agreement executed by the three brothers on July 7, 2008 established a dollar figure of $970,000.00 for the total value of the corporation ($323,333.00 for the 1/3rd interest of each brother).

7.10  The effect of the new Buy Sell Agreement executed in July of 2008 substantially reduced the value of each share, and effectively allowed the majority of the shareholders, Roderick Schultz and Tyler Schultz, to obtain the stock of the minority shareholder, Craig Schultz for a substantial discount.  Reasonably equivalent value was not given for this transfer.

7.11  The execution of the Buy Sell Agreement of Schultz Investment Company, Inc., aka Schultz Investment, Inc., on July 7, 2008 was a fraudulent transfer of Craig R. Schultz 1/3 shares, to the extent that that fair market value of said shares exceeds the new, discounted value of $323,333.00.

7.12  That the reduction of the price of the membership units from their fair market value to $323,333.00 was a fraudulent transfer as defined by 11 USC 548 as follows.  Said transfer was made within two years of filing for relief, and
  A.  Was made with the actual intent to hinder, delay or defraud creditors of the debtor; OR
  B.  The debtor received less than reasonably equivalent value in exchange for such transfer; and the transfer was made while the debtor was insolvent, or resulted in the debtor's insolvency; or while the debtor was engaged in business or transactions, or was about to engage in business or transactions for which any property remaining with the debtor was an unreasonably small capital; or the debtor intended to incur or believed the debtor would incur debts beyond his ability to pay the debts as

*Complaint*-15

they matured.

McAllister Field Industrial Park, LLC

7.13 That on July 7, 2008, within fourteen months of filing for relief, a new Buy Sell Agreement was executed by the three shareholders of McAllister Field Industrial Park, LLC, Craig Schultz, Roderick Schultz and Tyler Schultz. That said Buy Sell Agreement changed the previous Buy Sell Agreement which had been previously established for McAllister Field Industrial Park, LLC.

7.14 The new Buy Sell Agreement executed by the three brothers on July 7, 2008 established a dollar figure of $100,000.00 for the total value of the corporation.

7.15 The effect of the new Buy Sell Agreement executed in July of 2008 substantially reduced the value of each share, and effectively allowed the majority of the shareholders, Roderick Schultz and Tyler Schultz, to obtain the stock of the minority shareholder, Craig Schultz for a substantial discount. Reasonably equivalent value was not given for this transfer.

7.16 The execution of the Buy Sell Agreement of McAllister Field Industrial Park, LLC on July 7, 2008 was a fraudulent transfer of Craig R. Schultz 1/3 interest, to the extent that that fair market value of said shares exceeds $33,333.00.

7.17 That the reduction of the price of the buy-out from its fair market value to $33,333.00 was a fraudulent transfer as defined by 11 USC 548 as follows. Said transfer was made within two years of filing for relief, and
    A. Was made with the actual intent to hinder, delay or defraud creditors of the debtor; OR
    B. The debtor received less than reasonably equivalent value in exchange for such transfer; and the transfer was made while the debtor was insolvent, or resulted in the debtor's insolvency; or while the debtor was engaged in business or transactions, or was about to engage in business or transactions for which any property remaining with the debtor was an unreasonably small capital; or the debtor intended to incur or believe the debtor would incur debts beyond his ability to pay the debts as they matured.

CAUSE OF ACTION VIII
TURNOVER OF ESTATE PROPERTY

8.1 General: Westwood West Golf Course, Inc., has made the following post-

Complaint-16

**petition** disbursements:

| DATE | CRAIG SCHULTZ | RODERICK SCHULTZ | TYLER SCHULTZ | BANKRUPTCY ESTATE |
|---|---|---|---|---|
| 9/2009 | $20,000.00* | $20,000.00 | $35,000.00 | $-0- |
| 10/2009 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $-0- |
| 11/2009 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $-0- |
| 12/2009 | $ 8,000.00 | $ 8,000.00 | $ 8,000.00 | $-0- |
| 1/2010 | $17,000.00 | $17,000.00 | $32,000.00 | $-0- |
| 2/2010 | $17,000.00 | $17,000.00 | $ 2,000.00 | $-0- |
| 5/2010 | $-0- | $-0- | $12,000.00 | $-0- |
| 6/2010 | $-0- | $16,000.00 | $16,000.00 | $-0- |
| 9/2010 | $-0- | $16,000.00 | $16,000.00 | $-0- |
| | $66,000.00 | $98,000.00 | $125,000.00 | $-0- |

*Less **(20,000.00)** paid 9/3/10 to Craig
$46,000.00

8.1b  To the extent that other **post-petition** disbursements were made, of which the Trustee is not aware, the Trustee reserves the right to add said post-petition disbursements to this cause of action.

8.1c  The following **post-petition** disbursements have been made by McAllister Field Industrial Park, LLC to the following individuals:

| DATE | CRAIG SCHULTZ | RODERICK SCHULTZ | TYLER SCHULTZ | BANKRUPTCY ESTATE |
|---|---|---|---|---|
| 9/2009 | $10,000.00* | $10,000.00 | $10,000.00 | $-0- |
| 6/2010 | $-0- | $ 3,000.00 | $ 3,000.00 | $-0- |
| | $10,000.00 | $13,000.00 | $13,000.00 | $-0- |

*Less **(10,000.00)** paid 9/3/10 to Craig
$  -0-

8.1d  To the extent that other **post-petition** disbursements were made, of which the Trustee is not aware, the Trustee reserves the right to add said post-petition disbursements to this cause of action.

8.1e  The corporation known as Properties West, Inc., a subsidiary of Westwood West Golf Course, Inc., is also owned one-third by Craig Schultz, Roderick Schultz and Tyler Schultz.  Said corporation has also wrongfully made **post-petition** disbursements to Craig Schultz as follows:

  i. April 2010…..$12,529.00 "loan" to Craig Schultz

  ii. July 2010……$ 4,620.00 (term life premium paid for Craig Schultz).

     $17,149.00

  **8.1f** To the extent that other **post-petition** disbursements were made by Properties West, Inc., of which the Trustee is not aware, the Trustee reserves the right to add said **post-petition** disbursements to this cause of action.

  **8.2** As of September 4, 2009, VanNoy Culpepper, as Trustee for the bankruptcy estate of Craig Schultz held 1/3rd of the stock in Westwood West Golf Course, Inc. Roderick Schultz and Tyler Schultz held 1/3rd each of the remaining voting shares.

  **8.3** As of September 4, 2009, VanNoy Culpepper, as Trustee for the bankruptcy estate of Craig Schultz was entitled to receive 1/3rd of all dividends and disbursements made to the shareholders. To date, the Trustee has received no disbursements from Westwood West Golf Course, Inc., despite disbursements to other shareholders (or former shareholders) as indicated above.

  **8.4** Westwood West Golf Course, Inc., and the majority shareholders Roderick Schultz and Tyler Schultz wrongfully disbursed post-petition dividends to Craig Schultz in the amount of $46,000.00, as reflected in paragraph 8.1 above.

  **8.5** Said disbursements to Craig Schultz were made without the consent of the bankruptcy Trustee. Said disbursements should have been made to the bankruptcy estate and were property of the bankruptcy estate. Roderick Schultz and Tyler Schultz should be required to turnover to the Trustee said sums wrongfully disbursed to Craig Schultz in the amount of $46,000.00, or such further amount to be proven at time of trial.

  **8.6** As of September 4, 2009, VanNoy Culpepper, as Trustee for the bankruptcy estate of Craig Schultz held 1/3rd interest in McAllister Field Industrial Park, LLC. Roderick Schultz and Tyler Schultz held 1/3rd each of the remaining voting shares.

  **8.7** As of September 4, 2009, VanNoy Culpepper, as Trustee for the bankruptcy estate of Craig Schultz was entitled to receive 1/3rd of all dividends and disbursements made to the shareholders. To date, the Trustee has received no disbursements from McAllister Field Industrial Park, LLC despite disbursements to other shareholders as indicated above.

*Complaint*-18

8.8   Properties West, Inc., and the majority of shareholders Roderick Schultz and Tyler Schultz wrongfully disbursed post-petition dividends and/or loans to Craig Schultz and paid unnecessary term life insurance policy for a non-shareholder to Craig Schultz in the amounts of $17,149.00 as indicated in paragraph 8.1e above.

8.9   Said disbursements to Craig Schultz were made without the consent of the bankruptcy trustee. Roderick Schultz and Tyler Schultz should be required to turnover to the Trustee said sums wrongfully disbursed to or for the benefit of Craig Schultz in the amount of $17,149.00, or such further amount to be proven at time of trial.

CAUSE OF ACTION IX
DISSIPATION OF CORPORATE ASSETS, SHAREHOLDER'S DERIVATIVE
SUIT, AND REQUEST FOR TURNOVER OF FUNDS

9.1   Turnover to Trustee of wrongfully disbursed funds:
As reflected in paragraph 8.1 above, Roderick Schultz and Tyler Schultz, as majority shareholders in Westwood West Golf Course, Inc., and McAllister Field Industrial Park, LLC have made **post-petition** disbursements of $46,000.00 to Craig Schultz, who has no interest in these companies.  Roderick Schultz, Tyler Schultz, and Westwood West Golf Course, Inc. through its subsidiary Properties West, Inc., (account #3072) have made **post-petition** disbursements to debtor's bankruptcy attorney, Tim Carlson of at least $63,905.00 as follows:

| | | |
|---|---|---|
| A. | On 9/23/09 | $10,257.00 |
| B. | On 10/24/09 | $ 5,058.00 |
| C. | On 3/28/10 | $18,978.00 |
| D. | On 4/27/10 | $ 3,591.00 |
| E. | On 5/14/10 | $ 4,914.00 |
| F. | On 7/14/10 | $ 4,077.00 |
| G. | On 6/19/10 | $ 6,183.00 |
| H. | On 9/20/10 | $ 6,632.00 |
| I. | On 10/15/10 | $ 4,215.00 |
| | **TOTAL** | **$63,905.00** |

9.2   Westwood West Gold Course, Inc., and Properties West, Inc. derived no benefit from these disbursements to Craig Schultz nor the disbursements to his attorney Tim Carlson.  Said disbursements are a dissipation of corporate and/or LLC assets.

9.3  As a 1/3rd shareholder in each of said companies, the Trustee has standing to request a return of these funds to the companies and to request an injunction to prohibit any future disbursements to Craig Schultz or his attorneys.

9.4A   As a 1/3rd shareholder in each of said companies, the Trustee has standing to bring this request,  which is in the nature of a derivative proceeding pursuant to RCW 23B.07.400.

9.4B   The Trustee has made request upon Westwood West Golf Course, Inc., and McAllister Field Industrial Park, LLC to cease and desist all disbursements for the benefit of Craig Schultz, and to have all future dividends and disbursements made to the bankruptcy estate.  Attached hereto as Exhibit **R** is correspondence from the Trustee dated February 16, 2010 to said companies which was sent certified mail and received by Robert Schultz, Tyler Schultz and Roderick Schultz.

9.4C   The Plaintiff/Trustee was a shareholder at the time of the transactions which are complained of herein; and this action is not a collusive action to confer jurisdiction upon the court which the court would not otherwise have.

9.5  In addition to the  **post-petition** disbursements to Craig Schultz of $63,149.00 referenced in paragraphs 8.1 and 8.1e which should have been disbursed to the Trustee, all monies disbursed to the debtor's bankruptcy attorney Tim Carlson including but not limited to $63,905.00 identified in paragraph 9.1 as well as any additional funds disbursed post-petition as may be proved at the time of trial, should be returned by Roderick Schultz and Tyler Schultz to Westwood West Golf Course, Inc.

9.6  <u>Return of wrongfully disbursed funds to company accounts</u>:
As indicated in paragraphs 8.1 and 8.1c above,  Roderick Schultz has received $112,870.00 and Tyler Schultz has received $142,290.00 from Westwood West Golf Course, Inc., and from McAllister Field Industrial Park, LLC since September 4, 2009. Because an equal amount of funds was not paid to the bankruptcy estate, an equal shareholder with Roderick Schultz and Tyler Schultz, said defendants should either:

      A. Return $98,000.00 and $125,000.00 to Westwood West Golf Course, Inc. and each return $13,000.00 to McAllister Field Industrial Park, LLC; or

      B. Westwood West Golf Course, Inc. and McAllister Field Industrial Park, LLC should disburse an equal amount to the Trustee as has been received by Roderick Schultz and Tyler

Schultz as follows: $125,000.00 to the Trustee from Westwood West Golf Course, Inc. and $13,000.00 to the Trustee from McAllister Field Industrial Park, LLC.

9.7 <u>Temporary and Permanent Injunctions</u>:

A. Roderick Schultz and Tyler Schultz, as the majority shareholders, have breached their fiduciary responsibility to the bankruptcy estate, which is a minority shareholder in McAllister Field Industrial Park, LLC and Westwood West Golf Course, Inc. and its subsidiaries Properties West, Inc., and Schultz Investment Company, Inc., as follows:

1. Disbursing dividends, loans and other funds to themselves without disbursing an equal amount to the Trustee; and
2. Disbursing funds to or for the benefit of a non-shareholder, Craig Schultz and his attorney.

B. In order to ensure there is no further dissipation of corporate and LLC assets, and in order to ensure that the bankruptcy estate receives its fair share of dividends and disbursements, a temporary and permanent injunction should be entered prohibiting Roderick Schultz and Tyler Schultz from making any further disbursements to or for the benefit of Craig Schultz or his attorney; and prohibiting said defendants from making any further disbursements to themselves unless an equal disbursement is made to the bankruptcy estate.

CAUSE OF ACTION X
FRADULUENT TRANSFERS OF COPRPORATE STOCK, LLC, MEMBERSHIP AND REAL PROPERTY TO PARTNER STEVEN SNYDER

10.1  In 2008, and at all times referenced in this cause of action, defendants Steven Snyder and Craig Schultz were partners in a partnership known as The Schultz Snyder Partnership, as well as joint owners and/or partners in Westcon Investments, LLC and Westcon Investments, II, LLC.

10.2  In 2008, and at all times referenced in this cause of action number ten, Steven Snyder was an insider as defined by 11 USC 548.

10.3  On March 5, 2008, within eighteen (18) months of filing for Chapter 7 relief, the debtor entered into a transaction with Steven Snyder whereby Steven Snyder loaned the debtor $1.25 million dollars by way of executing a US Bank line of credit

*Complaint*-21

in said amount. Steven Snyder also transferred and assigned to the debtor a promissory note of approximately $900,000.00 owed by James W. Thorpe and Thorpe's LLC known as 24th Avenue NW, LLC. However, Steven Snyder kept the security interest securing said $900,000.00 note, transferring only the "paper" to his partner Craig Schultz.

10.4  In return for providing the debtor Craig Schultz a $1.25 million dollar line of credit, Steven Snyder took back from the debtor a promissory note for $2.5 million dollars with a default interest rate of 12%.

10.5  On March 5, 2008, Steven Snyder to secure the $2.5 million dollar note from the debtor, took as collateral the following:

      1.  Retained a security interest in all of the real property held as collateral for the $900,000.00 Thorpe Note;

      2.  A Deed of Trust in the debtor's real property held by Craig Schultz Properties, LLC, 702 North 1st Avenue, Yakima, Washington, known as the "Warehouse Building";

      3.  A Deed of Trust on 217 West Yakima Avenue, Yakima, Washington, known as the "American West Building";

      4.  A Deed of Trust on 2232 South 1st Street, Yakima, Washington, known as the McDonald's lot;

      5.  The debtor's 70% interest in Schultz-Denla, LLC, which is known as the Best Western Ahtanum Inn and Outback Restaurant site in Union Gap, Washington;

      6.  The debtor's 70% interest in Janora, Inc., known as the Riverview Manor located in Selah, Washington;  and

      7.  The debtor's interest in Yakima Pacific, LLC, which is wholly owned by Craig Schultz, LLC and Craig Schultz.

10.6  That to the extent that new value was not given, the debtor did not receive reasonably equivalent value for the $2.5 million dollar note; and this transfer together with the pledging of the debtor's assets should be avoided as a fraudulent transfer as defined by 11 USC 548 as follows. Said transfer was made within two years for filing for relief and:

      (A) was made with the actual intent to hinder, delay, or defraud creditors of the debtor; or

      (B) the debtor received less than reasonably equivalent value in exchange for such transfer; and the transfer was made while the debtor was insolvent or resulted in the debtor's insolvency; or while the debtor was engaged in business or transactions, or was about to engage in business or

*Complaint*-22

transactions for which any property remaining with the debtor was an unreasonably small capital; or the debtor intended to incur or believed the debtor would incur debts beyond his ability to pay the debts as they matured.

10.7  Said transaction is also a fraudulent conveyance and avoidable pursuant to RCW 19.40 et seq.

CAUSE OF ACTION XI
DENIAL OF CLAIMED HOMESTEAD EXEMPTION AND SALE OF LOT 11, RUSSELL CREEK RECREATIONAL RESIDENTIAL TRACT, WENATCHEE NATIONAL FOREST

11.1  In the debtor's "Schedule C Exemptions" reflected at Exhibit A of this complaint, the debtor claimed a homestead exemption of $1.00 in his interest, if any, in Lot 11, Russell Creek Recreational Residential Tract, Wenatchee National Forest, Yakima, Washington.  The Trustee duly objected to the debtor's exemptions, including the homestead exemption, on November 11, 2009.

11.2  As reflected in Exhibits **M1** and **M2**, the debtor has an undivided one-third interest in said Lot 11, which is on forest service land and is allowed as a recreational residence only, wherein the US Department of Agricultural Forest Service issues a "term special use permit for recreational residences" authorizing the owners to occupy the residence as a recreational residence on National Forest Service land.

11.3  The Forest Service regulations and the Special Use Permit issued by the Forest Service specifically provides in subparagraph III.B. as follows:

> **"B – Minimum occupancy and prohibition on full time occupancy."**  The permitted improvements shall be occupied at least 15 days each year, unless otherwise authorized in writing, but shall not be used as a full time residence.  Use of the permitted improvements as a principal place of residence is prohibited and shall be grounds for revocation of this permit."

11.4  The debtor has not occupied the residential cabin as a principal place of residence; and cannot occupy said cabin as his principal residence.  The debtor's claimed homestead exemption should be denied.

11.5  Pursuant to 11 USC 541 and 11USC 363, the Trustee is the owner of an undivided one-third interest in said cabin, and is authorized to sell the cabin, distributing one-third of the proceeds to the estate and one-third of the proceeds to

*Complaint*-23

Tyler Schultz and one-third of the proceeds to Roderick Schultz.

11.6 The Trustee requests an order authorizing the sale, and directing Roderick Schultz and Tyler Schultz to cooperate with the Trustee in the sale of the cabin and "all furniture, household goods, appliances, and other items of personal property located in and upon the premises" as reflected in the bill of sale Exhibit **M1.**

## RELIEF REQUESTED

WHEREFORE, the Trustee requests:

A. <u>Relief Against Debtor, Craig R. Schultz</u>:

A.1 That the debtor's discharge be denied pursuant to 11 USC 727(a)(4) for knowingly and fraudulently making false oaths in this case; and

A.2 That the debtor's discharge be denied pursuant to 11 USC 727(a)(2)(A) and (D) for transferring, removing, or concealing property of the debtor within one year **before** filing for relief; and

A.3 That the debtor's discharge be denied pursuant to 11 USC 727(a)(4)(D) for withholding or concealing from the Trustee documents, records, and papers related to the debtor's property and financial affairs during the administration of this estate; and

A.4 That a judgment be entered against the debtor for the bankruptcy estate funds converted **post-petition** by the debtor to his own use including but not limited to monies in bank accounts at date of filing; $46,000.00 in dividends received from Westwood West Golf Course, Inc.; $12,524.00 received from Properties West, Inc; all rents collected from lessees on estate property (less actual rental expenses paid by the debtor, if any); $3,000.00 received from the undisclosed Rolex watch; and other amounts to be proven at the time of trial.

A.5 That a judgment be entered against the debtor for the monetary value of unaccounted for or property which was concealed within one year before filing for relief, in an amount to be proven at time of trial.

B. <u>Relief Against Parents Robert and Barbara Schultz and Their Marital Community</u>:

*Complaint*-24

B.1  That the debtor's pledges on October 30, 2008 to his father Robert Schultz of his one-third stock in Westwood West Golf Course, Inc., Schultz Investment Company, Inc., and McAllister Industrial Park, LLC be avoided as preferential transfers pursuant to 11 USC 547; and

B.2  That the debtor's gifts to his parents, Robert and Barbara Schultz, in the amount of $48,000.00 within two years of filing for relief be avoided pursuant to 11 UCS 548 and/or RCW 19.40 et seq; and that Robert and Barbara Schultz be directed to turnover to the Trustee $48,000.00 plus interest; and

B.3  That the payments made (within one year of filing for relief) to and for the benefit of debtor's parents Robert and Barbara Schultz by way of payments to US Bank line of credit in the amount of approximately $12,000.00 be avoided as preferences pursuant to 11 USC 547; and that Robert and Barbara Schultz be directed to turnover to the Trustee approximately $12,000.00, or such other amount as shown at the time of trial of the actual payments for their benefit within one year of filing for relief.

C.  Relief Against Roderick Schultz and Tyler Schultz, and their Marital Communities:

C.1  That the new Buy Sell Agreements between the debtor Craig Schultz, Roderick Schultz and Tyler Schultz executed on July 7, 2008, for Westwood West Golf Course, Inc., and its subsidiaries Schultz Investment Company, Inc., and Properties West, Inc., together with a Buy Sell Agreement of July 7, 2008 for McAllister Field Industrial Park, LLC be avoided as fraudulent transfers pursuant to 11 USC 548 and/or RCW 19.40 et seq, thereby reinstating the original fair market value Buy Sell Agreements of said companies; and

C.2  That a judgment be entered against Roderick Schultz and Tyler Schultz, individually and against their marital communities in the amount of $46,000.00 for wrongful disbursement of funds to Craig Schultz from the Westwood West Golf Course, Inc., account, plus statutory interest from date of disbursement or such greater amount as shown at the time of trial; and

C.3  That a judgment be entered against Roderick Schultz and Tyler Schultz individually and against their marital communities in the amount of $17,149.00 for wrongful disbursement of funds to or for the benefit of Craig Schultz from the Properties West, Inc. account, plus statutory interest from date of disbursement or such greater amount as shown at the time of trial; and

C.4  That a judgment be entered against Roderick Schultz and Tyler Schultz,

individually and against their marital communities in the amount of $63,905.00 for wrongful disbursements of funds to or for the benefit of Craig Schultz's attorney, plus statutory interest from date of disbursement or such greater amount as shown at the time of trial; and

C.5   That Roderick Schultz and Tyler Schultz, individually and as a marital community be directed to EITHER return $98,000.00 and $125,000.00 to Westwood West Golf Course, Inc. respectively, and each return $13,000.00 to McAllister Field Industrial Park, LLC; OR ALTERNATIVELY that Westwood West Golf Course, Inc., and McAllister Field Industrial Park, LLC be directed to disburse an equal amount to the Trustee as has been received by Roderick Schultz and Tyler Schultz since the debtor filed for relief on September 4, 2009.

D. <u>Relief Against Steven Snyder, and his Marital Community</u>:

D.1   Pursuant to 11 USC 548, or alternatively RCW 19.40 et seq, to the extent that new value was not given and the debtor did not receive reasonably equivalent value for the $2.5 million dollar note signed in March of 2008, that the transfer of all the properties pledging the indebtedness to Steven Snyder as referenced in Cause of Action X, be set aside and avoided, including but not limited to the pledge of real property, the pledge of the Schultz-Denlea Holdings, LLC ownership, the pledge of the Janora, Inc., ownership, and the pledge of the Yakima Pacific, LLC

E. <u>Relief as Requested as to Russell Creek Cabin</u>:

E.1   That the debtor's claimed homestead exemption in the Russell Creek Cabin as described in paragraph XI. be denied, and that the court enter an order authorizing the sale of said cabin and all furniture, all household goods, appliances, and other items of personal property located in and upon the premises; and directing Roderick Schultz and Tyler Schultz to cooperate with the Trustee in the sale of said property.

F. <u>Injunctive Relief Requested</u>:

F.1   As described in paragraph 9.7, the Trustee requests an immediate temporary injunction and a permanent injunction against Roderick Schultz, Tyler Schultz, Westwood West Golf Course, Inc., and its subsidiaries Properties West, Inc. and Schultz Investment Company, Inc., and McAllister Field Industrial Park, LLC prohibiting any further disbursements to or for the benefit of Craig Schultz or his attorney; and prohibiting said defendants from making any further disbursements to

themselves unless an equal disbursement is made to the bankruptcy estate, except for regular monthly wages paid to Tyler Schultz for operating the business, as verified by monthly wages established historically.

G. Other Relief:

G.1 That the plaintiff be awarded attorney fees, costs and such other relief as the court deems just and proper.

DATED this _22nd_ day of December, 2010.

By:/s/ VanNoy Culpepper
VanNoy Culpepper, WSBA #11565
Chapter 7 Trustee

10-80140-FLK    Doc 1    Filed 12/22/10    Entered 12/22/10 14:29:02    Pg 27 of 50

Form **1040**

~~Subject to Confidentiality and Protective Order Restrictions Trustee Use Only~~
U.S. Individual Income Tax Return **2007** 

OMB No. 1545-0074

JUL 24 2009

IRS Use Only – Do not write or staple in this space.

CRB LAW

| Label | For the year Jan. 1-Dec. 31, 2007, or other tax year beginning | , 2007, ending | |
|---|---|---|---|

Your first name and initial: **CRAIG** Last name: **SCHULTZ**

Your social security number: - - 4780

If a joint return, spouse's first name and initial: **DANA** Last name: **ELIASON-SCHULTZ**

Spouse's social security number:

Home address (number and street). If you have a P.O. box, see page 12. **220 WEST YAKIMA AVENUE** Apt. no.

You must enter ▲ your SSN(s) above. ▲

City, town or post office, state, and ZIP code. If you have a foreign address, see page 12. **YAKIMA, WA 98902**

Checking a box below will not change your tax or refund.

**Presidential Election Campaign** ▶ Check here if you, or your spouse if filing jointly, want $3 to go to this fund (see page 12) ▶ [ ] You [ ] Spouse

**Filing Status** — Check only one box.
1. [ ] Single
2. [X] Married filing jointly (even if only one had income)
3. [ ] Married filing separately. Enter spouse's SSN above and full name here. ▶
4. [ ] Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5. [ ] Qualifying widow(er) with dependent child (see page 14)

**Exemptions**
6a [X] Yourself. If someone can claim you as a dependent, do not check box 6a
b [X] Spouse

Boxes checked on 6a and 6b: **2**

c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see page 15) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

No. of children on 6c who:
● lived with you
● did not live with you due to divorce or separation (see page 16)

Dependents on 6c not entered above

If more than four dependents, see page 15.

d Total number of exemptions claimed

Add numbers on lines above ▶ **2**

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see page 19.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 87,059. |
| 8a | Taxable interest. Attach Schedule B if required | 8a | 286,908. |
| b | Tax-exempt interest. Do not include on line 8a | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | 91,000. |
| b | Qualified dividends (see page 19) | 9b | 91,000. |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | -86,390. |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ [ ] | 13 | 351,617. |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions | 15a | | b Taxable amount | 15b | |
| 16a | Pensions and annuities | 16a | | b Taxable amount | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | -34,394. |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits | 20a | | b Taxable amount (see page 24) | 20b | |
| 21 | Other income. List type and amount (see page 24) **SEE STATEMENT 1** | 21 | 49,941. |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 745,741. |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23 | Educator expenses (see page 26) | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE | 27 | 3,529. |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction (see page 26) | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid  b Recipient's SSN ▶ | 31a | 33,000. |
| 32 | IRA deduction (see page 27) | 32 | |
| 33 | Student loan interest deduction (see page 30) | 33 | |
| 34 | Tuition and fees deduction. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 31a and 32 through 35 | 36 | 36,529. |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ▶ | 37 | 709,212. |

710001 11-05-07

LHA For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 83.

Form **1040** (2007)

In Re: Craig R. Schultz
NO. 09-05025-FLK7

Trustee Production 004-042910
Page 484 of 845

EXHIBIT B

10-80140-FLK   Doc 1   Filed 12/22/10   Entered 12/22/10 14:29:02   Pg 28 of 50

Subject to Confidentiality and Protective Order Restrictions Trustee Use Only

Form 1040 (2007) CRAIG SCHULTZ & NATALIE SCHULTZ

| Tax and Credits | | | | |
|---|---|---|---|---|
| | 38 | Amount from line 37 (adjusted gross income) | 38 | 709,212. |
| **Standard Deduction for—** | 39a | Check if: ☐ You were born before January 2, 1943, ☐ Blind. ☐ Spouse was born before January 2, 1943, ☐ Blind. } Total boxes checked ▶ 39a | | |
| • People who checked any box on line 39a or 39b or who can be claimed as a dependent | b | If your spouse itemizes on a separate return or you were a dual-status alien, see page 31 and check here ▶ 39b ☐ | | |
| | 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | 40 | 209,873. |
| | 41 | Subtract line 40 from line 38 | 41 | 499,339. |
| | 42 | If line 38 is $117,300 or less, multiply $3,400 by the total number of exemptions claimed on line 6d. If line 38 is over $117,300, see the worksheet on page 33 | 42 | 2,266. |
| • All others: | 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | 497,073. |
| Single or Married filing separately, $5,350 | 44 | Tax. Check if any tax is from: a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ Form(s) 8889 | 44 | 82,217. |
| Married filing jointly or Qualifying widow(er), $10,700 | 45 | Alternative minimum tax. Attach Form 6251 | 45 | 4,896. |
| | 46 | Add lines 44 and 45 | 46 | 87,113. |
| Head of household, $7,850 | 47 | Credit for child and dependent care expenses. Attach Form 2441 | 47 | |
| | 48 | Credit for the elderly or the disabled. Attach Schedule R | 48 | |
| | 49 | Education credits. Attach Form 8863 | 49 | |
| | 50 | Residential energy credits. Attach Form 5695 | 50 | |
| | 51 | Foreign tax credit. Attach Form 1116 if required | 51 | |
| | 52 | Child tax credit (see page 39). Attach Form 8901 if required | 52 | |
| | 53 | Retirement savings contributions credit. Attach Form 8880 | 53 | |
| | 54 | Credits from: a ☐ Form 8396 b ☐ Form 8859 c ☐ Form 8839 | 54 | |
| | 55 | Other credits: a ☐ Form 3800 b ☐ Form 8801 c ☐ Form | 55 | |
| | 56 | Add lines 47 through 55. These are your total credits | 56 | |
| | 57 | Subtract line 56 from line 46. If line 56 is more than line 46, enter -0- | 57 | 87,113. |

| Other Taxes | | | | |
|---|---|---|---|---|
| | 58 | Self-employment tax. Attach Schedule SE | 58 | 7,057. |
| | 59 | Unreported social security and Medicare tax from: a ☐ Form 4137 b ☐ Form 8919 | 59 | |
| | 60 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 60 | |
| | 61 | Advance earned income credit payments from Form(s) W-2, box 9 | 61 | |
| | 62 | Household employment taxes. Attach Schedule H | 62 | |
| | 63 | Add lines 57 through 62. This is your total tax | 63 | 94,170. |

| Payments | | | | | |
|---|---|---|---|---|---|
| | 64 | Federal income tax withheld from Forms W-2 and 1099 | 64 | 11,230. | |
| If you have a qualifying child, attach Schedule EIC. | 65 | 2007 estimated tax payments and amount applied from 2006 return | 65 | | |
| | 66a | Earned income credit (EIC) | 66a | | |
| | b | Nontaxable combat pay election ▶ 66b | | | |
| | 67 | Excess social security and tier 1 RRTA tax withheld (see page 59) | 67 | | |
| | 68 | Additional child tax credit. Attach Form 8812 | 68 | | |
| | 69 | Amount paid with request for extension to file (see page 59) | 69 | 75,000. | |
| | 70 | Payments from: a ☐ Form 2439 b ☐ Form 4136 c ☐ Form 8885 | 70 | | |
| | 71 | Refundable credit for prior year minimum tax from Form 8801, line 27 | 71 | | |
| | 72 | Add lines 64, 65, 66a, and 67 through 71. These are your total payments | 72 | 86,230. | |

| Refund | | | | |
|---|---|---|---|---|
| Direct deposit? See page 59 and fill in 74b, 74c, and 74d, or Form 8888. | 73 | If line 72 is more than line 63, subtract line 63 from line 72. This is the amount you overpaid | 73 | |
| | 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 74a | |
| | b | Routing number ▶ c Type: ☐ Checking ☐ Savings | | |
| | d | Account number ▶ | | |
| | 75 | Amount of line 73 you want applied to your 2008 estimated tax ▶ | 75 | |

| Amount You Owe | | | | |
|---|---|---|---|---|
| | 76 | Amount you owe. Subtract line 72 from line 63. For details on how to pay, see page 60 | 76 | 11,035. |
| | 77 | Estimated tax penalty (see page 61) | 77 | 3,095. |

| Third Party Designee | Do you want to allow another person to discuss this return with the IRS (see page 61)? ☒ Yes. Complete the following. ☐ No | | |
|---|---|---|---|
| | Designee's name PREPARER | Phone no. | Personal identification number (PIN) |

**Sign Here**
Joint return? See page 13. Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Your signature | Date | Your occupation CONSTRUCTION | Daytime phone number

Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation

**Paid Preparer's Use Only**

Preparer's signature | Date | Check if self-employed ☐ | Preparer's SSN or PTIN P00108308

Firm's name (or yours if self-employed), address, and ZIP code ▶ ALEGRIA & COMPANY, P.S.
601 NORTH 39TH AVENUE
YAKIMA, WASHINGTON 98902

EIN 91 0856953
Phone no. (509) 575-1065

710002 11-05-07

In Re: Craig R. Schultz
NO. 09-05025-FLK7

Trustee Production 004-042910
Page 485 of 845

10-80140-FLK    Doc 1    Filed 12/22/10    Entered 12/22/10 14:29:02    Pg 29 of 50

Subject to Confidentiality and Protective Order Restrictions-Trustee Use Only

SCHEDULE C
(Form 1040)

**Profit or Loss From Business**
(Sole Proprietorship)

► Partnerships, joint ventures, etc., must file Form 1065 or 1065-B.

Department of the Treasury
Internal Revenue Service (99)

► Attach to Form 1040, 1040NR, or 1041.  ► See Instructions for Schedule C (Form 1040).

**2007**
Attachment
Sequence No. **09**

Name of proprietor: CRAIG SCHULTZ

Social security number (SSN): _ _ - _ _ - 4780

A Principal business or profession, including product or service (see page C-2): CONSTRUCTION

B Enter code from pages C-8, 9, & 10 ► **236200**

C Business name. If no separate business name, leave blank.: SCHULTZ CONSTRUCTION LLC

D Employer ID number (EIN), if any: 20-2079880

E Business address (including suite or room no.) ► _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
  City, town or post office, state, and ZIP code ► _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

F Accounting method: (1) ☐ Cash  (2) ☐ Accrual  (3) ☒ Other (specify) ► COMPLETED CONTRACT _ _ _ _ _ _

G Did you "materially participate" in the operation of this business during 2007? If "No," see page C-3 for limit on losses ........ ☒ Yes ☐ No

H If you started or acquired this business during 2007, check here ........................................ ► ☐

## Part I — Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. Caution. If this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked, see page C-3 and check here ........ ► ☐ | 1 | 1,956,440. |
| 2 | Returns and allowances | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | 1,956,440. |
| 4 | Cost of goods sold (from line 42 on page 2) | 4 | 1,594,699. |
| 5 | Gross profit. Subtract line 4 from line 3 ...................................... | 5 | 361,741. |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see page C-3) SEE STATEMENT 11 | 6 | 20,321. |
| 7 | Gross income. Add lines 5 and 6 ................................... ► | 7 | 382,062. |

## Part II — Expenses. Enter expenses for business use of your home only on line 30.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | Advertising | 8 | 580. | 18 | Office expense | 18 | |
| 9 | Car and truck expenses (see page C-4) | 9 | 11,639. | 19 | Pension and profit-sharing plans | 19 | |
| 10 | Commissions and fees | 10 | | 20 | Rent or lease (see page C-5): | | |
| 11 | Contract labor (see page C-4) | 11 | | a | Vehicles, machinery, and equipment | 20a | |
| 12 | Depletion | 12 | | b | Other business property | 20b | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see page C-4) STMT 10 | 13 | 6,052. | 21 | Repairs and maintenance | 21 | 3,986. |
| | | | | 22 | Supplies (not included in Part III) | 22 | |
| | | | | 23 | Taxes and licenses | 23 | 66,623. |
| 14 | Employee benefit programs (other than on line 19) | 14 | | 24 | Travel, meals, and entertainment: | | |
| | | | | a | Travel | 24a | |
| | | | | b | Deductible meals and entertainment (see page C-6) | 24b | |
| 15 | Insurance (other than health) | 15 | 73,814. | 25 | Utilities | 25 | 3,552. |
| 16 | Interest: | | | 26 | Wages (less employment credits) | 26 | 192,125. |
| a | Mortgage (paid to banks, etc.) | 16a | | 27 | Other expenses (from line 48 on page 2) | 27 | 37,425. |
| b | Other | 16b | 28,312. | | | | |
| 17 | Legal and professional services | 17 | 44,344. | | | | |

| | | | |
|---|---|---|---|
| 28 | Total expenses before expenses for business use of home. Add lines 8 through 27 in columns ........ ► | 28 | 468,452. |
| 29 | Tentative profit (loss). Subtract line 28 from line 7 | 29 | -86,390. |
| 30 | Expenses for business use of your home. Attach Form 8829 | 30 | |
| 31 | Net profit or (loss). Subtract line 30 from line 29.
• If a profit, enter on both Form 1040, line 12, and Schedule SE, line 2 or on Form 1040NR, line 13 (statutory employees, see page C-7). Estates and trusts, enter on Form 1041, line 3.
• If a loss, you must go to line 32. | 31 | -86,390. |
| 32 | If you have a loss, check the box that describes your investment in this activity (see page C-7).
• If you checked 32a, enter the loss on both Form 1040, line 12, and Schedule SE, line 2 or on Form 1040NR, line 13 (statutory employees, see page C-7). Estates and trusts, enter on Form 1041, line 3.
• If you checked 32b, you must attach Form 6198. Your loss may be limited. | 32a ☒ All investment is at risk.
32b ☐ Some investment is not at risk. | |

LHA  For Paperwork Reduction Act Notice, see page C-8 of the instructions.

Schedule C (Form 1040) 2007

720001 11-05-07

10-80140-FLK  Doc 1  Filed 12/22/10  Entered 12/22/10 14:29:02  Pg 30 of 50

## Top W-2 Form

| a Employee's SSI :-4780 | b Employer identification number (EIN) 20-2079880 | | OMB No. 1545-0008 |
|---|---|---|---|

| c Employer's name, address, and ZIP code | 1 Wgs, tips, other compe 28710.00 | 2 Fed inc tax withheld 5095.00 | 3 Social security wages 28710.00 ✓ Form **W-2** |
|---|---|---|---|
| SCHULTZ CONSTRUCTION COMPANY | 4 SS tax withheld 1780.00 | 5 Medicare wages & tips 28710.00 ✓ | 6 Medicare tax withheld 416.30 ✓ **Wage and** |
| 702 N 1ST AVE STE B | 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment **Tax** |
| YAKIMA     WA 98902-2121 | 10 Depdnt care benefits | 11 Nonqualified plans | 12a **Statement** |
| d Control number | | | **2008** |

| e Employee's name, address, and ZIP code     Suff. - | 13 Statutory employee ☐ | 14 Other | 12b |
|---|---|---|---|
| CRAIG R     SCHULTZ | Retirement plan .. ☐ | | 12c |
| 220 W. YAKIMA AVE. | | | 12d |
| YAKIMA     WA 98902 | Third-party sick pay ☐ | | |

Copy B To Be Filed with Employee's FEDERAL Tax Return
This information is being furnished to the Internal Revenue Service.

| 15 State | Employer's state ID number | 16 State wages, tips, etc | 17 State income tax | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| | | | | | | |

Q6MW2S2C  11/2008

Department of the Treasury — IRS

---

## Bottom W-2 Form

| b Employer Identification number (EIN) 91-1324131 | a Employee's social security number :-4780     OMB No. 1545-0008 | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. |
|---|---|---|

| c Employer's name, address, and ZIP code | 1 Wages, tips, other compensation 23897.12 | 2 Federal income tax withheld |
|---|---|---|
| RIVERVIEW MANOR | 3 Social security wages 23897.12 ✓ | 4 Social security tax withheld 1481.62 ✓ |
| 555 E. GOODLANDER ROAD | 5 Medicare wages and tips 23897.12 ✓ | 6 Medicare tax withheld 346.51 ✓ |
| SELAH, WA  98942 | 7 Social security tips | 8 Allocated tips |
| d Control number SCHULTZCR | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name, address, city and ZIP code     Suff. CRAIG     R  SCHULTZ | 11 Nonqualified plans | 12a See instructions for box 12 |
| | 13 Statutory employee ☒  Retirement plan ☐  Third-party sick pay ☐ | 12b |
| 702 n 1st  AVE #B | 14 Other | 12c |
| YAKIMA, WA  98902 | | 12d |

| 15 State WA | Employer's state ID number 600 613 138 | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| | | | | | | |

Form **W-2**  Wage and Tax **Statement**     **2008**

Department of the Treasury—Internal Revenue Service

Copy C—For EMPLOYEE'S RECORDS (See Notice to Employee on the back of Copy B.) or Copy 2 to be Filed With Employee's State, City or Local Income Tax Return

Safe, accurate, FAST! Use  **IRS e-file**

⊕ Printed on Recycled Paper     FORM 5203

EXHIBIT  D

# Form 1040

**U.S. Individual Income Tax Return** **2008** (99) IRS Use Only - Do not write or staple in this space.

OMB No. 1545-0074

| Label (See instructions on page 14.) Use the IRS label. Otherwise, please print or type. | For the year Jan. 1-Dec. 31, 2008, or other tax year beginning , 2008, ending , 20 | | |
|---|---|---|---|
| | First name and initial CRAIG | Last name SCHULTZ | Your social security number 4780 |
| | If a joint return, spouse's first name and initial DANA | Last name ELIASON-SCHULTZ | Spouse's social security number |
| | Home address (number and street). If you have a P.O. box, see page 14. 702 N 1ST AVENUE #B | | Apt. no. |
| | City, town or post office, state, and ZIP code. If you have a foreign address, see page 14. YAKIMA, WA 98902-2121 | | |

TENTATIVE AND PRELIMINARY For Discussion Purposes Only

**You must enter ▲ your SSN(s) above.▲**

Checking a box below will not change your tax or refund.

**Presidential Election Campaign ▶** Check here if you, or your spouse if filing jointly, want $3 to go to this fund (see page 14) ▶ ☐ You ☐ Spouse

| **Filing Status** Check only one box. | 1 | ☐ | Single |
|---|---|---|---|
| | 2 | ☒ | Married filing jointly (even if only one had income) |
| | 3 | ☐ | Married filing separately. Enter spouse's SSN above and full name here. ▶ |
| | 4 | ☐ | Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶ |
| | 5 | ☐ | Qualifying widow(er) with dependent child (see page 16) |

| **Exemptions** | 6a | ☒ Yourself. If someone can claim you as a dependent, do not check box 6a .................................. | | Boxes checked on 6a and 6b | **2** |
|---|---|---|---|---|---|
| | b | ☒ Spouse ................................................................................................................ | | No. of children on 6c who: | |

c Dependents:

| (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see page 17) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

- lived with you
- did not live with you due to divorce or separation (see page 18)

Dependents on 6c not entered above

If more than four dependents, see page 17.

Add numbers on lines above ▶ **2**

d Total number of exemptions claimed ..................................................................................

| **Income** Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld. If you did not get a W-2, see page 21. Enclose, but do not attach, any payment. Also, please use Form 1040-V. | 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 ................................................ | 7 | 58,607. |
|---|---|---|---|---|
| | 8a | Taxable interest. Attach Schedule B if required ................................................ | 8a | 277,712. |
| | b | Tax-exempt interest. Do not include on line 8a ......... | 8b | | |
| | 9a | Ordinary dividends. Attach Schedule B if required ............................................. | 9a | 105,000. |
| | b | Qualified dividends (see page 21) ......... | 9b | 105,000. | |
| | 10 | Taxable refunds, credits, or offsets of state and local income taxes ...................... | 10 | |
| | 11 | Alimony received ............................................................................................. | 11 | |
| | 12 | Business income or (loss). Attach Schedule C or C-EZ ...................................... | 12 | -43,708. |
| | 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | 118,646. |
| | 14 | Other gains or (losses). Attach Form 4797 ........................................................ | 14 | |
| | 15a | IRA distributions [15a] | b Taxable amount | 15b | |
| | 16a | Pensions and annuities [16a] | b Taxable amount | 16b | |
| | 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | -744,330. |
| | 18 | Farm income or (loss). Attach Schedule F ......................................................... | 18 | |
| | 19 | Unemployment compensation ............................................................................ | 19 | |
| | 20a | Social security benefits [20a] | b Taxable amount (see page 26) | 20b | |
| | 21 | Other income. List type and amount (see page 28) VINEYARDS PROPERTY LLC       25,250. | 21 | 25,250. |
| | 22 | Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 | -202,823. |

| **Adjusted Gross Income** | 23 | Educator expenses (see page 28) .................... | 23 | | |
|---|---|---|---|---|---|
| | 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | | |
| | 25 | Health savings account deduction. Attach Form 8889 ......... | 25 | | |
| | 26 | Moving expenses. Attach Form 3903 .................. | 26 | | |
| | 27 | One-half of self-employment tax. Attach Schedule SE .......... | 27 | 1,784. | |
| | 28 | Self-employed SEP, SIMPLE, and qualified plans ... | 28 | | |
| | 29 | Self-employed health insurance deduction (see page 29) .. | 29 | | |
| | 30 | Penalty on early withdrawal of savings ............... | 30 | | |
| | 31a | Alimony paid   b Recipient's SSN ▶ | 31a | | |
| | 32 | IRA deduction (see page 30) .......................... | 32 | | |
| | 33 | Student loan interest deduction (see page 33) ...... | 33 | | |
| | 34 | Tuition and fees deduction. Attach Form 8917 ...... | 34 | | |
| | 35 | Domestic production activities deduction. Attach Form 8903 | 35 | | |
| | 36 | Add lines 23 through 31a and 32 through 35 .................................................... | 36 | 1,784. |
| | 37 | Subtract line 36 from line 22. This is your **adjusted gross** ▶ | 37 | -204,607. |

810001 11-10-08

**LHA For Disclosure, Privacy Act, and Paperwork Reduction Act Notice** 

**EXHIBIT   E**

Form 1040 (2008)

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) | 38 | -204,607. |

**Standard Deduction for —**
● People who checked any box on line 39a, 39b, or 39c or who can be claimed as a dependent.
● All others:
Single or Married filing separately, $5,450
Married filing jointly or Qualifying widow(er), $10,900
Head of household, $8,000

| | | | |
|---|---|---|---|
| 39a | Check if: ☐ You were born before January 2, 1944, ☐ Blind. ☐ Spouse was born before January 2, 1944, ☐ Blind. **Total boxes checked** ▶ 39a | | |
| b | If your spouse itemizes on a separate return or you were a dual-status alien, see page 34 and check here ▶ 39b ☐ | | |
| c | Check if standard deduction includes real estate taxes or disaster loss (see page 34) ▶ 39c ☐ | | |
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | 40 | 247,050. |
| 41 | Subtract line 40 from line 38 | 41 | -451,657. |
| 42 | If line 38 is over $119,975, or you provided housing to a Midwestern displaced individual, see page 36. Otherwise, multiply $3,500 by the total number of exemptions claimed on line 6d | 42 | 7,000. |
| 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | 0. |
| 44 | Tax. Check if any tax is from: a ☐ Form(s) 8814 b ☐ Form 4972 | 44 | 0. |
| 45 | Alternative minimum tax. Attach Form 6251 | 45 | |
| 46 | Add lines 44 and 45 ▶ | 46 | 0. |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | |
| 49 | Credit for the elderly or the disabled. Attach Schedule R | 49 | |
| 50 | Education credits. Attach Form 8863 | 50 | |
| 51 | Retirement savings contributions credit. Attach Form 8880 | 51 | |
| 52 | Child tax credit (see page 42). Attach Form 8901 if required | 52 | |
| 53 | Credits from Form: a ☐ 8396 b ☐ 8839 c ☐ 5695 | 53 | |
| 54 | Other credits from Form: a ☒ 3800 b ☐ 8801 c ☐ | 54 | |
| 55 | Add lines 47 through 54. These are your total credits | 55 | |
| 56 | Subtract line 55 from line 46. If line 55 is more than line 46, enter -0- ▶ | 56 | 0. |
| **Other Taxes** | 57 | Self-employment tax. Attach Schedule SE | 57 | 3,568. |
| | 58 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | 58 | |
| | 59 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 59 | |
| | 60 | Additional taxes: a ☐ AEIC payments b ☐ Household employment taxes. Attach Schedule H | 60 | |
| | 61 | Add lines 56 through 60. This is your total tax ▶ | 61 | 3,568. |
| **Payments** | 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 5,419. |
| If you have a qualifying child, attach Schedule EIC. | 63 | 2008 estimated tax payments and amount applied from 2007 return | 63 | |
| | 64a | Earned income credit (EIC) | 64a | |
| | b | Nontaxable combat pay election ▶ 64b | | |
| | 65 | Excess social security and tier 1 RRTA tax withheld (see page 61) | 65 | |
| | 66 | Additional child tax credit. Attach Form 8812 | 66 | |
| | 67 | Amount paid with request for extension to file (see page 61) | 67 | 50,000. |
| | 68 | Credits from Form: a ☐ 2439 b ☐ 4136 c ☐ 8801 d ☐ 8885 | 68 | |
| | 69 | First-time homebuyer credit. Attach Form 5405 | 69 | |
| | 70 | Recovery rebate credit (see worksheet on pages 62 and 63) | 70 | |
| | 71 | Add lines 62 through 70. These are your total payments ▶ | 71 | 55,419. |
| **Refund** Direct deposit? See page 63 and fill in 73b, 73c, and 73d, or Form 8888. | 72 | If line 71 is more than line 61, subtract line 61 from line 71. This is the amount you overpaid | 72 | 51,851. |
| | 73a | Amount of line 72 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 73a | 51,851. |
| | b | Routing number ▶ c Type: ☐ Checking ☐ Savings d Account number ▶ | | |
| | 74 | Amount of line 72 you want applied to your 2009 estimated tax ▶ | 74 | |
| **Amount You Owe** | 75 | Amount you owe. Subtract line 71 from line 61. For details on how to pay, see page 65 ▶ | 75 | |
| | 76 | Estimated tax penalty (see page 65) | 76 | |

**Third Party Designee**
Do you want to allow another person to discuss this return with the IRS (see page 66)? ☒ Yes. Complete the following. ☐ No
Designee's name ▶ PREPARER     Phone no. ▶     Personal identification number (PIN) ▶

**Sign Here**
Joint return? See page 15. Keep a copy for your records.
Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.
Your signature     Date     Your occupation  CONSTRUCTION     Daytime phone number
Spouse's signature. If a joint return, both must sign.     Date     Spouse's occupation

**Paid Preparer's Use Only**
Preparer's signature ▶     Date     Check if self-employed ☐     Preparer's SSN or PTIN  P00108308
Firm's name (or yours if self-employed), address, and ZIP code ▶  ALEGRIA & COMPANY, P.S.     EIN  91:0856953
601 NORTH 39TH AVENUE     Phone no. (509) 575-1065
YAKIMA, WASHINGTON 98902

| SCHEDULE C | **Profit or Loss From Business** | OMB No. 1545-0074 |
|---|---|---|
| (Form 1040) | (Sole Proprietorship) | **2008** |
| Department of the Treasury Internal Revenue Service (99) | ▶ Partnerships, joint ventures, etc., generally must file Form 1065 or 1065-B. ▶ Attach to Form 1040, 1040NR, or 1041. ▶ See Instructions for Schedule C (Form 1040). | Attachment Sequence No. 09 |

Name of proprietor: **CRAIG SCHULTZ**  
Social security number (SSN): ___ __ 4780

**A** Principal business or profession, including product or service (see page C-3)  
**CONSTRUCTION**

**B** Enter code from pages C-9, 10, & 11 ▶ **236200**

**C** Business name. If no separate business name, leave blank.  
**SCHULTZ CONSTRUCTION LLC**

**D** Employer ID number (EIN), if any **20-2079880**

**E** Business address (including suite or room no.) ▶ _____  
City, town or post office, state, and ZIP code

**F** Accounting method: (1) ☐ Cash (2) ☐ Accrual (3) ☒ Other (specify) ▶ COMPLETED CONTRACT

**G** Did you "materially participate" in the operation of this business during 2008? If "No," see page C-4 for limit on losses ......... ☒ Yes ☐ No

**H** If you started or acquired this business during 2008, check here .......... ▶ ☐

### Part I — Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. Caution. See page C-4 and check the box if: ● This income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked, or ● You are a member of a qualified joint venture reporting only rental real estate income not subject to self-employment tax. Also see page C-4 for limit on losses. | ▶ ☐ | 1 | 2,917,757. |
| 2 | Returns and allowances | | 2 | |
| 3 | Subtract line 2 from line 1 | | 3 | 2,917,757. |
| 4 | Cost of goods sold (from line 42 on page 2) | | 4 | 2,576,112. |
| 5 | Gross profit. Subtract line 4 from line 3 | | 5 | 341,645. |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see page C-4) SEE STATEMENT 6 | | 6 | 26,133. |
| 7 | Gross income. Add lines 5 and 6 | ▶ | 7 | 367,778. |

### Part II — Expenses. Enter expenses for business use of your home only on line 30.

| 8 | Advertising | 8 | 267. | 18 | Office expense | 18 | |
|---|---|---|---|---|---|---|---|
| 9 | Car and truck expenses (see page C-5) | 9 | 13,972. | 19 | Pension and profit-sharing plans | 19 | |
| 10 | Commissions and fees | 10 | | 20 | Rent or lease (see page C-6): | | |
| 11 | Contract labor (see page C-5) | 11 | | a | Vehicles, machinery, and equipment | 20a | |
| 12 | Depletion | 12 | | b | Other business property | 20b | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see page C-5) STMT 5 | 13 | 62. | 21 | Repairs and maintenance | 21 | 444. |
| | | | | 22 | Supplies (not included in Part III) | 22 | |
| | | | | 23 | Taxes and licenses | 23 | 90,340. |
| 14 | Employee benefit programs (other than on line 19) | 14 | | 24 | Travel, meals, and entertainment: | | |
| | | | | a | Travel | 24a | |
| 15 | Insurance (other than health) | 15 | 43,657. | b | Deductible meals and entertainment (see page C-7) | 24b | |
| 16 | Interest: | | | 25 | Utilities | 25 | 4,273. |
| a | Mortgage (paid to banks, etc.) | 16a | | 26 | Wages (less employment credits) | 26 | 205,212. |
| b | Other | 16b | 13,168. | 27 | Other expenses (from line 48 on page 2) | 27 | 27,474. |
| 17 | Legal and professional services | 17 | 12,617. | | | | |

| | | | |
|---|---|---|---|
| 28 | Total expenses before expenses for business use of home. Add lines 8 through 27 | ▶ 28 | 411,486. |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 | 29 | -43,708. |
| 30 | Expenses for business use of your home. Attach Form 8829 | 30 | |
| 31 | Net profit or (loss). Subtract line 30 from line 29. ● If a profit, enter on both Form 1040, line 12, and Schedule SE, line 2, or on Form 1040NR, line 13 (if you checked the box on line 1, see page C-7). Estates and trusts, enter on Form 1041, line 3. ● If a loss, you must go to line 32. | 31 | -43,708. |
| 32 | If you have a loss, check the box that describes your investment in this activity (see page C-8). ● If you checked 32a, enter the loss on both Form 1040, line 12, and Schedule SE, line 2, or on Form 1040NR, line 13 (if you checked the box on line 1, see the line 31 instructions on page C-7). Estates and trusts, enter on Form 1041, line 3. ● If you checked 32b, you must attach Form 6198. Your loss may be limited. | 32a ☒ All investment is at risk. 32b ☐ Some investment is not at risk. | |

LHA For Paperwork Reduction Act Notice, see page C-9 of the instructions.

**EXHIBIT F**

Schedule C (Form 1040) 2008

820001 11-20-08

| a Employee's social security number | | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. | |
|---|---|---|---|
| -4780 | OMB No. 1545-0008 | | |

| b Employer identification number (EIN) | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| 91-1324131 | 23897.11 | |

| c Employer's name, address, and ZIP code | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| RIVERVIEW MANOR | 23897.11 | 1481.62 |
| 555 E. GOODLANDER ROAD | 5 Medicare wages and tips | 6 Medicare tax withheld |
| SELAH, WA 98942 | 23897.11 | 346.51 |
| | 7 Social security tips | 8 Allocated tips |

| d Control number | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|
| SCHULTZCR | | |

e Employee's name, address, city and ZIP code

CRAIG R SCHULTZ   Suff.

702 N. 1st AVE   SUITE B
YAKIMA, WA 98901

| 11 Nonqualified plans | 12a See instructions for box 12 |
|---|---|
| 13 Statutory employee [ ] Retirement plan [ ] Third-party sick pay [ ]  [X] | 12b |
| 14 Other | 12c |
| | 12d |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| WA | 600 613 138 | | | | | |

Form **W-2** Wage and Tax Statement   **2009**

Copy C—For EMPLOYEE'S RECORDS (See *Notice to Employee* on the back of Copy B.) or Copy 2 to be Filed With Employee's State, City or Local Income Tax Return

Department of the Treasury—Internal Revenue Service
Safe, accurate,
FAST! Use   *IRS e-file*

EXHIBIT   G

# Profit or Loss From Business
### (Sole Proprietorship)

OMB No. 1545-0074

**2009**

Attachment
Sequence No. **09**

► Partnerships, joint ventures, etc., generally must file Form 1065 or 1065-B.
► Attach to Form 1040, 1040NR, or 1041.   ►See Instructions for Schedule C (Form 1040).

| Name of proprietor | Social security number (SSN) |
|---|---|
| CRAIG SCHULTZ | -4780 |

| A | Principal business or profession, including product or service (see page C-2) | B Enter code from pages C-9, 10, & 11 ► 236200 |
|---|---|---|

| C | Business name. If no separate business name, leave blank. | D Employer ID number (EIN), if any |
|---|---|---|

| E | Business address (including suite or room no.) ► |
|---|---|
| | City, town or post office, state, and ZIP code |

| F | Accounting method: | (1) [X] Cash | (2) ☐ Accrual | (3) ☐ Other (specify) ► |
|---|---|---|---|---|

| G | Did you "materially participate" in the operation of this business during 2009? If "No," see page C-3 for limit on losses | [X] Yes ☐ No |
|---|---|---|

| H | If you started or acquired this business during 2009, check here | ► ☐ |
|---|---|---|

## Part I   Income

| 1 | Gross receipts or sales. Caution. See page C-4 and check the box if: | | | |
|---|---|---|---|---|
| | • This income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked, or | ► ☐ | 1 | 65,589. |
| | • You are a member of a qualified joint venture reporting only rental real estate income not subject to self-employment tax. Also see page C-3 for limit on losses. | | | |
| 2 | Returns and allowances | | 2 | |
| 3 | Subtract line 2 from line 1 | | 3 | 65,589. |
| 4 | Cost of goods sold (from line 42 on page 2) | | 4 | |
| 5 | Gross profit. Subtract line 4 from line 3 | | 5 | 65,589. |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see page C-4) | | 6 | |
| 7 | Gross income. Add lines 5 and 6 | ► | 7 | 65,589. |

## Part II   Expenses. Enter expenses for business use of your home only on line 30.

| 8 | Advertising | 8 | | 18 | Office expense | 18 | |
|---|---|---|---|---|---|---|---|
| 9 | Car and truck expenses (see page C-4) | 9 | | 19 | Pension and profit-sharing plans | 19 | |
| 10 | Commissions and fees | 10 | | 20 | Rent or lease (see page C-6): | | |
| 11 | Contract labor (see page C-4) | 11 | | a | Vehicles, machinery, and equipment | 20a | |
| 12 | Depletion | 12 | | b | Other business property | 20b | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see page C-5) | 13 | 30,259. | 21 | Repairs and maintenance | 21 | |
| | | | | 22 | Supplies (not included in Part III) | 22 | |
| | | | | 23 | Taxes and licenses | 23 | |
| 14 | Employee benefit programs (other than on line 19) | 14 | | 24 | Travel, meals, and entertainment: | | |
| | | | | a | Travel | 24a | |
| 15 | Insurance (other than health) | 15 | | b | Deductible meals and entertainment (see page C-6) | 24b | |
| 16 | Interest: | | | 25 | Utilities | 25 | |
| a | Mortgage (paid to banks, etc.) | 16a | | 26 | Wages (less employment credits) | 26 | |
| b | Other | 16b | | 27 | Other expenses (from line 48 on page 2) | 27 | |
| 17 | Legal and professional services | 17 | | | | | |

| 28 | Total expenses before expenses for business use of home. Add lines 8 through 27 | ► | 28 | 30,259. |
|---|---|---|---|---|
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 | | 29 | 35,330. |
| 30 | Expenses for business use of your home. Attach Form 8829 | | 30 | |
| 31 | Net profit or (loss). Subtract line 30 from line 29. | | | |
| | • If a profit, enter on both Form 1040, line 12, and Schedule SE, line 2, or on Form 1040NR, line 13 (if you checked the box on line 1, see page C-7). Estates and trusts, enter on Form 1041, line 3. | | 31 | 35,330. |
| | • If a loss, you must go to line 32. | | | |
| 32 | If you have a loss, check the box that describes your investment in this activity (see page C-7). | | | |
| | • If you checked 32a, enter the loss on both Form 1040, line 12, and Schedule SE, line 2, or on Form 1040NR, line 13 (if you checked the box on line 1, see the line 31 instructions on page C-7). Estates and trusts, enter on Form 1041, line 3. | | 32a ☐ All investment is at risk. | |
| | • If you checked 32b, you must attach Form 6198. Your loss may be limited. | | 32b ☐ Some investment is not at risk. | |

LHA  For Paperwork Reduction Act Notice, see page C-9 of the instructions.

Schedule C (Form 1040) 2009

920001  10-22-09

**EXHIBIT  H**

11010929  784848 76105                     2009.04010                          76105__2

**Schedule K-1**
**(Form 1120S)**

Department of the Treasury
Internal Revenue Service

**2009**

For calendar year 2009, or tax
year beginning _____
ending _____

**Shareholder's Share of Income, Deductions,**
**Credits, etc.** ▶ See separate instructions.

| Part I | Information About the Corporation |
|---|---|

**A** Corporation's employer identification number
91-0820571

**B** Corporation's name, address, city, state, and ZIP code

WESTWOOD WEST GOLF COURSE, INC.
414 CHERRY RIDGE CT
YAKIMA, WA 98908

**C** IRS Center where corporation filed return
E-FILE

| Part II | Information About the Shareholder |
|---|---|

**D** Shareholder's identifying number
38-6918517

**E** Shareholder's name, address, city, state and ZIP code

VANNOY CULPEPPER, TRUSTEE FOR THE
BANKRUPTCY ESTATE OF CRAIG SCHULTZ
3908 CREEKSIDE LOOP
YAKIMA, WA 98902

**F** Shareholder's percentage of stock
ownership for tax year ............... 33.333334%

For IRS Use Only

☐ Final K-1    ☐ Amended K-1    OMB No. 1545-0130

| Part III | Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| 1 | Ordinary business income (loss) 94,143. | 13 | Credits |
|---|---|---|---|
| 2 | Net rental real estate inc (loss) | | |
| 3 | Other net rental income (loss) | | |
| 4 | Interest income 19,624. | | |
| 5a | Ordinary dividends | | |
| 5b | Qualified dividends | 14 | Foreign transactions |
| 6 | Royalties | | |
| 7 | Net short-term capital gain (loss) | | |
| 8a | Net long-term capital gain (loss) | | |
| 8b | Collectibles (28%) gain (loss) | | |
| 8c | Unrecaptured sec 1250 gain | | |
| 9 | Net section 1231 gain (loss) | | |
| 10 | Other income (loss) | 15 A | Alternative min tax (AMT) items -552. |
| 11 | Section 179 deduction | 16 C* | Items affecting shareholder basis 6,107. |
| 12 A | Other deductions 350. | D | 111,200. |
| | | 17 A | Other information 19,624. |

*EXHIBIT I*

911271
12-17-09   JWA   For Paperwork Reduction Act Notice, see Instructions for Form 1120S.

*See attached statement for additional information.

Schedule K-1 (Form 1120S) 2009

SHAREHOLDER NUMBER 3

651109

| Schedule K-1 (Form 1065) **2009** | ☐ Final K-1 ☐ Amended K-1 OMB No. 1545-0099 |

Department of the Treasury
Internal Revenue Service
For calendar year 2009, or tax
year beginning ____
ending ____

**Partner's Share of Income, Deductions, Credits, etc.**
► See separate instructions.

**Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

| | |
|---|---|
| 1 Ordinary business income (loss) 18,050. | 15 Credits |
| 2 Net rental real estate income (loss) 3,613. | 16 Foreign transactions |
| 3 Other net rental income (loss) | |

**Part I  Information About the Partnership**

A  Partnership's employer identification number
91-1975945

B  Partnership's name, address, city, state, and ZIP code

MCALLISTER FIELD INDUSTRIAL PARK L.L.C.
414 CHERRY RIDGE COURT
YAKIMA, WA  98908

C  IRS Center where partnership filed return
OGDEN, UT

D ☐ Check if this is a publicly traded partnership (PTP)

**Part II  Information About the Partner**

E  Partner's identifying number
38-6918517

F  Partner's name, address, city, state, and ZIP code

VANNOY COLPEPPER, TRUSTEE FOR THE
BANKRUPTCY ESTATE OF CRAIG SCHULTZ
220 WEST YAKIMA AVENUE
YAKIMA, WA 98902

G ☐ General partner or LLC member-manager    ☒ Limited partner or other LLC member

H ☒ Domestic partner    ☐ Foreign partner

I  What type of entity is this partner?  ESTATE

J  Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 33.3330000% | 33.3330000% |
| Loss | 33.3330000% | 33.3330000% |
| Capital | 33.3330000% | 33.3330000% |

K  Partner's share of liabilities at year end:

| | |
|---|---|
| Nonrecourse | $ |
| Qualified nonrecourse financing | $ 432,737. |
| Recourse | $ 287,554. |

L  Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ -148,530. |
| Capital contributed during the year | $ |
| Current year increase (decrease) | $ 24,530. |
| Withdrawals & distributions | $( 67,000.) |
| Ending capital account | $ -191,000. |

☒ Tax basis   ☐ GAAP   ☐ Section 704(b) book
☐ Other (explain)

M  Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If "Yes", attach statement (see instructions)

For IRS Use Only

| 4 Guaranteed payments | |
| 5 Interest income 2,867. | |
| 6a Ordinary dividends | 17 Alternative min tax (AMT) items |
| 6b Qualified dividends | |
| 7 Royalties | 18 Tax-exempt income and nondeductible expenses |
| 8 Net short-term capital gain (loss) | |
| 9a Net long-term capital gain (loss) | |
| 9b Collectibles (28%) gain (loss) | 19 Distributions  A  67,000. |
| 9c Unrecaptured sec 1250 gain | |
| 10 Net section 1231 gain (loss) | 20 Other information  A  2,867. |
| 11 Other income (loss) | |
| 12 Section 179 deduction | |
| 13 Other deductions | |
| 14 Self-employment earnings (loss) | |
| *See attached statement for additional information. | |

EXHIBIT __J__

911261
12-08-09  LHA  For Paperwork Reduction Act Notice, see Instructions for Form 1065.

Schedule K-1 (Form 1065) 2009

651109

**Schedule K-1**
**(Form 1065)**

**2009**

Department of the Treasury
Internal Revenue Service

**Partner's Share of Income, Deductions,**
**Credits, etc.**
▶ **See separate instructions.**

For calendar year 2009, or tax
year beginning _____
ending _____

☐ Final K-1    ☐ Amended K-1    OMB No. 1545-0099

**Part III   Partner's Share of Current Year Income,**
**Deductions, Credits, and Other Items**

| | | |
|---|---|---|
| **1** Ordinary business income (loss) | **15** Credits | |
| −64,823. | | |
| **2** Net rental real estate income (loss) | **16** Foreign transactions | |
| 43,187. | | |
| **3** Other net rental income (loss) | | |
| **4** Guaranteed payments | | |
| **5** Interest income | | |
| **6a** Ordinary dividends | | |
| **6b** Qualified dividends | **17** Alternative min tax (AMT) items | |
| | A        1,931. | |
| **7** Royalties | **18** Tax-exempt income and nondeductible expenses | |
| **8** Net short-term capital gain (loss) | C*        198. | |
| **9a** Net long-term capital gain (loss) | | |
| **9b** Collectibles (28%) gain (loss) | **19** Distributions | |
| | A        70,000. | |
| **9c** Unrecaptured sec 1250 gain | **20** Other information | |
| **10** Net section 1231 gain (loss) | | |
| **11** Other income (loss) | | |
| **12** Section 179 deduction | | |
| **13** Other deductions | | |
| A        1,669. | | |
| **14** Self-employment earnings (loss) | | |
| 0. | | |

**Part I    Information About the Partnership**

**A** Partnership's employer identification number
91-1727852

**B** Partnership's name, address, city, state, and ZIP code
SCHULTZ - DENLEA HOLDINGS, L.L.C.
DBA:  BEST WESTERN AHTANUM INN
145 WEST HIGHWAY 22
PROSSER, WA  99350

**C** IRS Center where partnership filed return
OGDEN, UT

**D** ☐ Check if this is a publicly traded partnership (PTP)

**Part II    Information About the Partner**

**E** Partner's identifying number
-4780

**F** Partner's name, address, city, state, and ZIP code
R. CRAIG SCHULTZ
702 NORTH 1ST AVE #B
YAKIMA, WA 98902

**G** ☐ General partner or LLC member-manager    ☒ Limited partner or other LLC member

**H** ☒ Domestic partner    ☐ Foreign partner

**I** What type of entity is this partner?  INDIVIDUAL

**J** Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 70.0000000% | 70.0000000% |
| Loss | 70.0000000% | 70.0000000% |
| Capital | 70.0000000% | 70.0000000% |

**K** Partner's share of liabilities at year end:
Nonrecourse ............... $
Qualified nonrecourse financing ....... $
Recourse ............... $        71,352.
                                  1,779,397.

**L** Partner's capital account analysis:
Beginning capital account ............... $     −153,066.
Capital contributed during the year ....... $
Current year increase (decrease) ......... $      −23,503.
Withdrawals & distributions ............. $      70,000.
Ending capital account ............... $     −246,569.

☒ Tax basis    ☐ GAAP    ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes    ☒ No
If "Yes," attach statement (see instructions)

*For IRS Use Only*

*See attached statement for additional information.

**LHA   For Paperwork Reduction Act Notice, see Instructions for Form 1065.**

**EXHIBIT  K**

13120407 310555 2AW0E3        2009.03040 SCHULT?

10-80140-FLK    Doc 1    Filed 12/22/10    Entered 12/22/10 14:29:02    Pg 39 of 50

**Subject to Confidentiality and Protective Order Restrictions-Trustee Use Only**

*Fortune Bank*
*2009 Checking Acct.*

Should have been completed to
read $121,636.49- to pay a high
interest loan (11%) and this was
the payoff to Bob Jump from the
Fortune Bank Loan



EXHIBIT  L

In Re:  Craig R. Schultz
NO. 09-05025-FLK7

Trustee Production 011-111210
Page 3254 of 3303

NO. 09-05025-FLK7   Re: Craig R. Schultz

## Chicago Title
## Insurance Company

THIS SPACE PROVIDED FOR RECORDER'S USE:

FILED FOR RECORD AT REQUEST OF

**COPY**

COUNTY EXCISE TAX
DATE 2-4-91
PAID $
REC. NO. 252322

WHEN RECORDED RETURN TO

Nam

, Law Offices of
LYON, BEAULAURIER, WEIGAND, SUKO & GUSTAFSON
Lyon Law Offices — 222 North Third Street
P. O. Box 1689
Yakima, Washington 98907

Add

City

Subject to Confidentiality and Protective Order Restrictions-Trustee Use Only

## BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS: That we, ROBERT H. SCHULTZ and BARBARA R.
SCHULTZ, HUSBAND AND WIFE,                        of   Yakima
County of      Yakima              , State of Washington, the parties of the first part,
for and in consideration of the sum of LOVE AND AFFECTION FOR OUR SONS, ROBERT CRAIG
SCHULTZ, RODERICK HAROLD SCHULTZ and TYLER RAYMOND SCHULTZ, each ~~DOLLARS~~
~~lawful money of the United States of America to them in hand paid~~
as to an undivided one-third interest,
the parties of the second part, the receipt whereof is hereby acknowledged do   by these presents grant,
bargain, sell and deliver unto the said part ies of the second part, the following described personal property now
located at
in the City of      Naches       , County of     Yakima        and State of Washington, to-wit:

Lot 11, RUSSELL CREEK RECREATIONAL RESIDENCE TRACT, Wenatchee National
Forest, Yakima County, Washington. TOGETHER WITH all furniture, household
goods, appliances and other items of personal property presently located
in or upon said premises.

SUBJECT TO the indebtedness owing thereon, if any, payable to Edna
Mercer.

TO HAVE AND TO HOLD the same to the said part ies of the second part,   their   heirs, executors,
administrators and assigns forever. And said parties of the first part, for themselves, their heirs,
executors, administrators, covenant   and agree   to and with the said part ies of the second part,   their
executors, administrators and assigns, that said parties of the first part are the  owners  of the said
property, goods and chattels and have  good right and full authority to sell the same, and that  they
will warrant and defend the sale hereby made unto the said part ies of the second part,   their
executors, administrators and assigns, against all and every person or persons, whomsoever, lawfully claiming or to
claim the same,

IN WITNESS WHEREOF, The said part ies of the first part have hereunto set   their   hand
and sealed this   24th   day of      December   , 1990.

_____ (SEAL) _____ (SEAL)
Robert H. Schultz                     Barbara R. Schultz
(SEAL)                                (SEAL)

Trustee Production 004-042910   Page 744 of 845

STATE OF WASHINGTON      } ss.
COUNTY OF   Yakima

On this day personally appeared before me
ROBERT H. SCHULTZ and BARBARA
R. SCHULTZ, husband and wife,
to me known to be the individual described in and
who executed the within and foregoing instrument,
and acknowledged that   they   signed the same
as   their   free and voluntary act and deed,
for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this
24th day of   December   , 1990.

_____
Notary Public in and for the State of Wash-

STATE OF WASHINGTON      } ss.
COUNTY OF

On this ___ day of _____, 19___
before me, the undersigned, a Notary Public in and for the State of Wash-
ington, duly commissioned and sworn, personally appeared _____

to me known to be the _____ Secretary, of _____

the corporation that executed the foregoing instrument, and acknowledged
the said instrument to be the free and voluntary act and deed of said corpor-
ation, for the uses and purposes therein mentioned, and on oath stated that
_____ he is authorized to execute the said instrument and that the seal affixed
is the corporate seal of said corporation.
Witness my hand and official
above written.

_____
Notary Public in an

EXHIBIT  M - I

USDA - Forest Service                                   Approved OMB No. 0596-0062; Expires 7/31/85

## REQUEST FOR TERMINATION OF AND APPLICATION FOR SPECIAL USE PERMIT
### (Ref: FSM 2716)

This form is authorized by the Organic Act of June 4, 1897 for the purpose of evaluating the requested actions and no permit may be issued unless this form is completed.

---

**PART I - REQUEST FOR TERMINATION** *(To be completed by Permittee)*

TO: FOREST SUPERVISOR _____ *Wenatchee* _____ NATIONAL FOREST

I (WE), THE UNDERSIGNED PERMITTEE(S) UNDER THAT CERTAIN SPECIAL USE PERMIT, DATED __12 - 14__ 19__

AUTHORIZING ME (US) TO __Use of Lot 11 Russell Creek Recreation Residence Unit__ HAVE

* (CONVEYED ALL MY (OUR) RIGHT, TITLE, AND INTEREST IN AND TO THE IMPROVEMENTS LOCATED ON THE PARCEL COVERED BY SAID PERMIT.)

XXXX

* ~~(REMOVED ALL PERSONAL AND OTHER IMPROVEMENTS FROM THE PARCEL OR OTHER AREA COVERED BY SAID PERMIT BUT HAVE~~

~~RETAINED THE PERSONAL AND OTHER IMPROVEMENTS THAT ARE THE SUBJECT OF AN OWNERSHIP INTEREST BY CONTRACT ONLY.)~~

*NEW OWNER'S NAME & ADDRESS*

√ ROBERT CRAIG SCHULTZ, RODERICK HAROLD SCHULTZ and TYLER RAYMOND SCHULTZ,
    each as to an undivided one-thir(NAME OR NAMES)

_____ (ADDRESS)

ACCORDINGLY, I (WE) REQUEST THAT SAID SPECIAL-USE PERMIT BE TERMINATED, THE REMAINING BALANCE OF ANY FEES PREVIOUSLY PAID SHOULD BE CREDITED TO THE APPLICANT NAMED BELOW.

DATE: __December 24__, 19_90_

PREVIOUS OWNER'S SIGNATURE _____ Robert H. Schultz

*STRIKE OUT INAPPLICABLE ALTERNATIVES    x Barbara R. Schultz
(SIGNATURES OF ALL PERMITTEES LISTED ON PERMIT)
Barbara R. Schultz

---

**PART II - APPLICATION** *(To be completed by Applicant)*

APPLICATION IS HEREBY MADE FOR A SPECIAL-USE PERMIT TO COVER THE SAME PARCEL OF LAND COVERED BY THE PERMIT REFERRED TO IN THE ABOVE REQUEST, AND FOR THE SAME PURPOSE OF SAID PERMIT, SUBJECT, HOWEVER, TO SUCH NEW CONDITIONS AND STIPULATIONS AS THE CIRCUMSTANCES MAY WARRANT.

I (WE) ACKNOWLEDGE THAT WHEN A NEW PERMIT IS ISSUED, A TRANSFER FEE OF $ __25.00__ IS CHARGED. IT WILL BE INCLUDED IN THE INITIAL PAYMENT FOR THE NEW PERMIT.

DATE: __December 24__, 19_90_

ROBERT CRAIG SCHULTZ, RODERICK HAROLD SCHULTZ
and TYLER RAYMOND SCHULTZ, each an undivided 1/3

(TYPE IN NAMES OF PROPOSED PERMITTEES)

*NEW OWNER'S SIGNATURE* BY _____ (SIGNATURE)

404 Chisholm Trail, Yakima, WA 98908
(ADDRESS)

*(Over)*                                                    FS-2700-3a (9/82)

EXHIBIT **M - 2**

LAW OFFICES
OF
VAN CULPEPPER

Suite 125
3908 Creekside Loop
Yakima, Washington 98902

Telephone (509) 457-2490                                               Fax (509) 457-7197

Dated: 2/18/10

Timothy Carlson
Carlson Boyd & Bailey
230 South 2nd Street
Suite 202
Yakima, WA 98901

Re: Craig Schultz additional personal information needed

Dear Tim:

Obviously, I will be conducting a 2004 Examination of Mr. Schultz. However, I need the following information prior to my examination.

1. Personal income tax returns and schedules for 2007, 2008 and 2009;
2. A list of all federal tax deposits made to the IRS for 2009 (toward Craig's personal taxes), including amounts and dates of deposits;
3. Any and all financial statements given to any financial institution from January 1, 2007 to date;
4. A brief description of the "Schultz-Synder Partnership" listed on page 2 of Schedule B;
5. All Yakima National Bank notes, security agreements and documents including documents showing the security interest in the life insurance policies and the perfection thereof;
6. A copy of all the declaration pages and proof of the cash value of the life insurance policies listed in the schedules;
7. Per page 4 of Schedule B, question no. 10, a list of all "Annuities";
8. Per page 5 of Schedule B, question no. 16, a list of all "Accounts Receivable";
9. The whereabouts of the 2007 Jeep Wrangler and the status of the loan against the Wrangler;
10. On Page 6 of Schedule B, question no. 28, 29 and 35, a list of the office equipment, machinery, equipment, supplies, etc., referenced in those paragraphs;
11. A list of all monies received by your client since September 4, 2009 including the "rental income of entities owed by the debtor" referenced in Schedule I;
12. The ownership document and/or lease regarding the forest service cabin;
13. A list of all sales, pledges, assignments, encumbrances or any other transfer of any and all stocks, LLC interests, or any other business or personal interests in any property transferred by Mr. Schultz from January 1, 2007 to date;

EXHIBIT ___N___

14. A list of all construction tools and equipment owed by your client at anytime during the last 2 years (from January 1, 2008);
15. All personal banking account statements to which the debtor had signature authority or to which the debtor deposited monies from September 1, 2008 through January 31, 2010;
16. A list of all monies received by the debtor from all sources from January 1, 2009 through December 31, 2009. Please provide the amount and dates received, as well as the source of the funds, and the reason for receipt of those funds.

Thank you for your prompt attention to this matter.

Very truly yours,

VanNoy Culpepper

VNC:kar
cc: James Hurley

LAW OFFICES OF
230 S. 2ⁿᴰ STREET, SUITE 202
YAKIMA, WASHINGTON
98901

TELEPHONE:
509-834-6611

E-MAIL:
tcarlson@cbblawfirm.com

FACSIMILE:
509-834-6610



TIMOTHY J. CARLSON
TCARLSON@CBBLAWFIRM.COM

April 27, 2010

VanNoy Culpepper
Attorney at Law
3908 Creekside Loop, Suite 125
Yakima, WA 98902

RE:   Craig Schultz

Dear Van:

This is in response to your letter dated February 18, 2010 requesting numerous documents from my client. Attached you will find the 4th response to the trustee regarding documents requested. This begins at page 445 (continuing the number system from the prior productions). It contains roughly 400 pages of documents which we believe to be responsive. I have not redacted social security numbers because of your role as trustee. Before any of these documents would be used in court that would obviously be a necessity.

I am aware that this does not constitute a full response to every document which you have listed, however, more documents are on the way I am insured by the professionals working with my client. We will forward those as we receive them.

With regard to certain of the requests contained in the letter to myself, I make the following observations. These observations are coordinated by number to the original letter.

1.   Personal income tax return for 2007 is attached. There are not currently any personal income tax returns for 2008 and 2009. Mr. Schultz owes his accountants Alegria & Company a significant bill and we are working on the filings for those years.
2.   None
3.   None

EXHIBIT __O___

4. Steve Snyder and Craig built the AmericanWest Bank building located at 229 W. Yakima Avenue. They both put money into the project and held as long as term lease holder. Mr. Snyder is now foreclosing on it;
5. None
6. None
7. Mr. Schultz has no annuities;
8. Mr. Schultz no accounts receivable.
9. The 2007 Jeep Wrangler is in the possession of Mr. Schultz.
10. The construction business was shut down July 1, 2009. John Blake was owed in excess of $50,000 in bonuses and salary. There was not much business or income in late 2008 or in 2009.
11. None
12. See attached.
13. Mr. Schultz doesn't believe he has any.
14. None.
15. See attached
   a. bank account statements for Schultz Construction Co LLC from 01/01/08 – 02/26/10;
   b. bank account statements for C. Schultz Personal Investments from 01/01/08-03/05/10;
   c. bank account statements for R. Craig Schultz personal account from 08/20/09-02/19/10;
   d. bank account statements for Craig Schultz Properties LLC from 03/31/09-02/26/10
16. None

Once you have had the opportunity to examine the documents, perhaps we can get together and clarify if there are any documents that made you requests.

Very truly yours,

**Timothy J.**
**Carlson**

Timothy J. Carlson of
Carlson Boyd & Bailey PLLC

TJC:dt

Enclosures: Trustee Production 04-042910 (Pages 0445-0845)
C:\Users\tcarlson\Documents\aaWork\SCHULTZ, C-21015\Bankruptcy-2009005\Correspondence\Culpepper 042710 (draft ltr w-docs requested).doc

**Sent:** Friday, April 24, 2009 11:26 AM
**To:** Rob Spitzer; Rob Spitzer
**Cc:** Craig Schultz
**Subject:** Craig Schultz Financial Statement

Rob and Ror

Here is the financial statement (confidential) prepared by the accountants. This is the current and comparison for Craig. I will be in this afternoon. I am scheduled until 2:30. After that I should be able to discuss this matter. I left a voice mail message for Rob this morning.

Tim

---

*Email From:*

**Timothy J. Carlson** of
*Carlson Boyd & Bailey PLLC*
230 S. 2nd St. P.O. 189
Yakima WA 98907
**(509)-834-6611**
Fax: (509) 834-6610
Email return: tcarlson@cbblawfirm.com

Confidentiality Notice

This e-mail transmission may contain information which is protected by the attorney-client, work product and/or other privileges. If you are not the
intended recipient, you are hereby notified that any disclosure, or taking of any action in reliance on the contents of this message is strictly prohibited. If you have received this transmission in error, please contact us immediately and return any e-mail to us by choosing Reply (or the corresponding function on your e-mail system) and then deleting the e-mail. We thank you advanced for your help and keeping this e-mail confidential. No waiver or compromise of the attorney-client privilege is intended by this communication, to the extent that it was originally intended to be a confidential communication between anyone covered by the attorney-client privilege and their attorney.

IRS Circular 230 Disclaimer: To ensure compliance with requirements imposed by the IRS, we inform you that to the extent this communication contains advice relating to a Federal tax issue, it is not intended or written to be used, and it may not be used, for (i) the purpose of avoiding any penalties that may be imposed on you or any other person or entity under the Internal Revenue Code or (ii) promoting or marketing to another party any transaction or matter addressed herein.

**EXHIBIT   P**

Craig Schultz Bank Accounts Current Version (Best of His Recollection and Knowledge)

1. Columbia Bank / Craig Schultz Personal / 4647

2. Columbia Bank / Craig Schultz Investment Account / 0611

3. Columbia Bank / Craig Schultz Properties / 2343

4. Columbia Bank / Schultz Construction / 1626

5. Yakima National / Craig Schultz / 15618 / Closed around 1-2010

6. American West Bank / Craig R Schultz / 3559 / Closed around 7-2009

7. American West Bank / Craig Schultz Properties /

8. Fortune Bank / Craig R Schultz / 1205 / Closed around 11-2009

9. Central Valley Bank / Kimco Group LLC / 31303290

10. U. S. Bank / Schultz-Snyder Partnership / 153556029210

11. Wells Fargo / Yakima Pacific LLC / 6400020423

12. Columbia Trust Bank-American West Bank / CRAIG SCHULTZ / 330003559 / closed 7-2009

13. Columbia Trust-American West Bank / C SCHULTZ LLC / 460000300 / closed

14. Wells Fargo / 3RS LLC / 640002066

15. Forex Liquity LLC / Craig R Schultz / 31031 / Closed 7-2009

16. Ameritrade / Craig Schultz / 873-490650-2 / Inactive for over 2 years

17. Cathlic Credit Union / Craig Schultz Moter Home / / Closed 7-2009

18. Wells Fargo / Schultz-Denlea Best Western / 1608859318 / Open July of 2008

19. U.S.Bank / Janora Inc DBA Riverview Manor / 153505108867

20. Chase personal account # 0263.

EXHIBIT ___Q___

Suite 125
3908 Creekside Loop
Yakima, Washington 98902

Telephone (509) 457-2490

Fax (509) 457-7197

Dated: 2/16/10

Robert H. Schultz
11083 Summitview Road
Yakima, WA 98902

Tyler Schultz
6408 Tieton Drive
PO Box 2850
Yakima, WA 98907

Roderick Schultz
414 Cherry Ridge Court
Yakima, WA 98908

Re: Westwood West Golf Course, Inc.
    Properties West, Inc.
    Schultz Investment Company, Inc.
    McAllister Field Industrial Park, LLC
    Schultz-Denlea Holdings, LLC
    Any and all other interests of Craig Schultz in any businesses, corporations, or
    LLC's

Dear Sirs:

As you are aware, Craig Schultz has filed for Chapter 7 bankruptcy relief, and I have
been appointed as the Trustee to administer Craig's bankruptcy estate for the benefit of
his creditors. Pursuant to 11 USC 541, all of Craig's interests and shares in all of the
companies in which he had an interest now belong to the bankruptcy estate.

Because the bankruptcy estate holds Craig's interests in all of his shares, any and all
disbursements, including dividends and shareholder disbursements, now belong to the
bankruptcy estate, as well as any voting rights.

Because the three of you are either the President, Vice-President, Secretary and/or
shareholders in the above companies, I am requesting that you change your books and
records to reflect that all shares and interests of Craig Schultz now belong to "VanNoy
Culpepper, Trustee for the Bankruptcy Estate of Craig Schultz".

**EXHIBIT   R**

Thank you for your immediate attention in this matter.

Very truly yours,

VanNoy Culpepper

VNC:kar
cc: William Weigand
    Timothy Carlson
    James Hurley